THE MADISON SQUARE BANK, Respondent, *v.* WARHAM N. PIERCE, Appellant.

Where a promissory note is made payable to the order of the maker and is indorsed by him, the indorsement does not change or affect the nature and character of his liability.

A payment made to the holder of a promissory note by an indorser, not as agent for the maker, but simply in discharge of his obligation as indorser, where the note was executed by the maker for value, does not inure to the benefit of the latter, and in an action upon the note he is liable for the whole amount thereof, notwithstanding the payment.

The payment can be considered such only as it relates to the indorser's liability; so far as it relates to the maker's liability, it is simply an equitable purchase *pro tanto* by the indorser.

*It seems* the fact that another besides the holder of the note may be entitled to a portion of the avails of collection, does not affect the liability of the maker; judgment in favor of the holder is a bar to any other suit on the note, and payment to him of the full amount discharges it.

*It seems*, also, the only right of the indorser, who has made such payment, is through the judgment or against the proceeds; if not content that the holder shall collect, to some extent, as his trustee, he may prevent it by payment in full to the holder, and so entitle himself to the possession of the note, or if judgment has been obtained thereon, to be subrogated to the plaintiff's rights therein.

*It seems*, also, that the rule above stated as to payment by an indorser, has no application to accommodation paper, but rests wholly upon the actual and ultimate indebtedness of the maker.

Reported below, 62 Hun, 493.

(Argued March 3, 1893; decided March 21, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 31, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit.

This was an action upon a promissory note.

The facts, so far as material, are stated in the opinion.

*David Keane* for appellant. The only question presented is one of law, whether the holder can recover more than the balance of the note from the maker after he has already been

paid the greater part of the note by an indorser, upon whom a claim was made by him for payment. (*Bacon* v. *Searles,* 1 H. Bl. 88 ; *Beck* v. *Robley,* Id. 89 ; *Hemming* v. *Brook,* 1 Car. & M. 57 ; *Pierson* v. *Dunlop,* Cow. 571 ; *Walwyn* v. *St. Quintin,* 1 B. & P. 652 ; *Pownal* v. *Ferrand,* 6 B. & C. 439 ; *Solomon* v. *Davis,* 1 C. & E. 83 ; *Cook* v. *Lister,* 13 C. B. [N. S.] 581.) The doctrine is unsound and untenable, that the indorsee of a bill of exchange who has received payment thereof in full from the drawer can recover again in full from the acceptor. (*Cook* v. *Lister,* 13 C. B. [N. S.] 581.)

*John Delahunty* for respondent. The defendant, the maker of the note, has paid no part of it ; so far as he is concerned the amount is still due, and he is liable. (*M. Bank* v. *Hazard,* 13 Johns. 351.) Whatever the rights of the receiver may be, or whatever he may have done which would vest rights in him as to this note and its proceeds, is something with which the defendant in this case has nothing to do ; payment by him or a judgment in this action of the amount of the note, would relieve him from all further liability upon it, and he cannot avoid liability upon it because of something done by the indorser, which was done by operation of law and not at the request or on behalf of the maker. (Byles on Bills [7th ed.], 224 ; 2 Pars. on Bills [2d ed.], 218 ; 2 Daniels on Neg. Inst. § 1237 ; *Johnson* v. *Kennion,* 2 Wills. 262 ; *Walwyn* v. *St. Quintin,* 1 B. & P. 652 ; *Hopper* v. *Jackson,* 1 M. & P. 11 ; Story on Bills, § 432 ; *Thornton* v. *Maynard,* 10 C. P. 695 ; *Jones* v. *Broadhurst,* 9 C. B. 183.)

Finch, J. We have a novel and interesting question before us on this appeal, although its apparent importance will lessen as we pass from first impressions to some slower reflection. It arises upon facts which are very brief and simple and may at once be stated. The defendant, Pierce, made his promissory note payable to his own order and indorsed it to the Bates Co., Limited, which indorsed it to the plaintiff bank ; the latter discounting it and paying the proceeds over to the

immediate indorser.    Thereafter the Bates Co. became insolvent and passed into the hands of a receiver, who paid to the bank upon the liability of the indorser seventy-three and one-quarter per cent of the amount secured by the note.    Later, the bank sued Pierce, the maker, and recovered judgment for the full amount of the note in spite of the proof showing the payment made by the receiver, and in disregard of the claim asserted by the defendant that he should only be held liable for the balance remaining unpaid.    That judgment has been affirmed by the General Term, Judges Daniels and Barrett each writing very strong and valuable opinions in support of their doctrine, and relying upon the authority of *Jones* v. *Broadhurst* (9 M. G. & S. 177; 67 Eng. Com. L. 175), which fully warrants their conclusion.    The question does not seem ever before to have arisen in this country, and we are left at liberty to examine the English rule and to follow it or not as we approve or disapprove its logic and its consequences.

We are not to regard the note as being accommodation paper, but must assume its transfer for value.    The form of the transaction is equivalent to what it would have been if the Bates Co. had been named as payee, and loses none of its force by the intervention of the maker as first indorser.    That indorsement, in the form adopted, was needed for the regular transfer of title, but does not change or affect the nature and character of the maker's liability.    He remains the ultimate debtor, the person who ought to pay the debt, in preference to and in exoneration of all the other parties to the paper, who in some form or other are entitled to have final recourse to him.    And it is to the case of such a maker of the note or such an acceptor of the bill of exchange that the English rule alone applies; and it is explicitly declared inapplicable where the indorser or drawer is the real debtor, although in form only secondarily liable.

Pierce, therefore, was the ultimate debtor, and the party who ought to pay the note, both in discharge of the obligation to the holder and in exoneration of the indorser.    When the bank sued on the note, it was the legal holder and the legal

party in interest. Upon production of the paper and the usual proof, judgment against the maker for the full amount was inevitable, unless some defense should be interposed. The only possible one for Pierce was part payment, and he was compelled to assert, and his counsel are compelled to argue, that the money paid by the indorser to the holder inured to the benefit of the maker as a payment on his debt. But that doctrine cannot prevail for very obvious reasons. The indorser's payment did not in the least lessen or satisfy the maker's debt. He owed it all exactly as before. What had happened possibly changed somewhat the real creditor, but left the whole debt due and unpaid. To whom he should pay might become a new question, but how much he should pay in discharge of the note was not made doubtful in any degree. What the receiver advanced to the holder is familiarly described as a payment; but it was such relatively to the indorser's liability alone; while relatively to the obligation of the maker, it was an equitable purchase instead of a payment. That view of it was taken in a very early case, the decision of which depended necessarily upon it. In *Callow* v. *Lawrence* (3 Man. & Sel. 95), it appeared that one Pywell drew a bill upon Lawrence to his own order, which Lawrence accepted. The drawer indorsed the bill to Taylor, who discounted it and thereafter indorsed it to Barnett. It was protested for non-payment. The drawer paid Barnett the full amount and took the bill and, striking off the indorsements of Taylor and Barnett, transferred the bill to Callow, who sued the acceptor upon it. The latter claimed that the bill was paid and extinguished, which the court denied, saying that the drawer "became the purchaser of the bill" when he paid and took it up out of Barnett's hands; that it was not paid by the drawer, *animo solvendi*, in order to extinguish it, but only to redeem himself from the situation in which he stood. That must always be true of payment by indorser to holder, where the maker is the ultimate debtor. To the extent of the money paid, the indorser becomes equitably entitled to be substituted to the rights and remedies of the holder, and becomes, *pro*

*tanto*, the beneficial owner of the debt; so that the maker'ı obligation to pay the note in full, at first due to the holder solely in his own right, becomes, after the part payment by the indorser, still wholly due to the holder, but partly in his own right and partly as trustee for the indorser. A court of law cannot split the note into parts, and must act upon the legal interest and ownership.

In the present case there was no privity between maker and indorser as it respects the action of the latter. He paid not as the agent of the maker, not at his request, not for his benefit, and under no duty to relieve him, but independently, upon his own obligation, to lessen his own responsibility, and not at all to discharge the ultimate debt which it was the maker's duty to pay. It seems very clear, therefore, that the maker cannot utilize for his own benefit a payment which, as to him, is not a payment upon the debt. It becomes, as I have said, merely a question to whom he shall pay and who may sue for and collect the whole unpaid sum. In that question the maker has no concern beyond the inquiry whether he may become liable to different persons for the same debt and encounter the danger of paying it twice. I can discover no such peril. The judgment in favor of the holder is a bar to any other suit on the same note, and payment to the holder discharges the note utterly. Ordinarily, the indorser cannot recover except upon the note and as holder and in accordance with the law merchant. If he ever has any other right of action against the maker, it is either in equity or by force of some facts beyond the bare relation established by the paper. And where the note is merged in the holder's judgment or paid in full to him by the maker, the indorser's only right is through the judgment or against the proceeds, if he has made a partial payment to the holder. That does the indorser no wrong. If he is not content that the holder shall collect to some extent as his trustee, he may prevent it by payment in full to the holder and so entitle himself to the possession of the note on which to sue, or if judgment has been obtained, to be subrogated to all of the rights of the plaintiff therein.

I think this result is clearly indicated by our own decisions. In *Mechanic's Bank* v. *Hazard* (13 John. 353), the maker of the note had been arrested in an action upon it and his bail sought to relieve themselves by force of a payment made by the indorser to the holder, but such effect was denied to it ; the court saying that it was not a payment by or on behalf of the maker, or of which he or his bail could avail themselves. And in *Guernsey* v. *Burns* (25 Wend. 411), where the suit was by the holder, representing the legal title and interest, it was said·to be no defense, to the maker and no concern of his that some property in the note was in another.

It thus becomes apparent that there is no very great importance in the question which method of securing payment from the maker is adopted since the same result follows from each and that it narrows down to the inquiry whether as matter of correct doctrine and of convenience in practice the holder may recover the whole debt against maker or acceptor for himself and as trustee for the indorser to the extent of his acquired interest ; or whether he shall take judgment only for the balance, leaving the indorser to sue in some way and on some theory, which apparently could not be upon the note because already merged in the judgment, but might be for money paid for the use of the maker since he gets the benefit of it in the reduction of the judgment, as was held in *Pownal* v. *Ferrand* (6 B. & Cress. 439), where the holder deducted the indorser's payment from the levy against the maker. The former seems to me to be the logical and convenient method and so I think we should follow the English doctrine.

I have not underrated the assault made upon it by the appellant. He asserts that *Jones* v. *Broadhurst* is contrary to the earlier cases and has been · criticized and shaken by the later ones. I have examined them all, with some wonder at the amount of learning and ingenuity expended upon the subject. (*Pierson* v. *Dunlop,* Cowper, 571 ; *Walwyn* v. *St. Quintin,* 1 Bos. & P. 652 ; *Bacon* v. *Searles,* 1 H. Bl. 88 ; *Hemming* v. *Brook,* 1 Car. & M. 57 ; *Randall* v. *Moon,* 12 C. B. 261 ; *Cook* v. *Lister,* 13 C. B. [N. S.] 543 ; *Solomon* v. *Davis,* 1

Cahabe & Ellis, 83; *Thornton* v. *Maynard*, 10 Com. Pl. L. R. 695.) The prior cases were very fully and carefully reviewed by Baron CRESSWELL in the opinion rendered in *Jones* v. *Broadhurst*, and of the subsequent cases I deem it only necessary to say, that, along with some criticism and occasional doubt, the doctrine has remained substantially unshaken, and the case last cited was declared by Lord COLE-RIDGE to be the accepted law.

It must not be forgotten, however, and I may prudently repeat, that the doctrine has no application to accommodation paper, and rests wholly upon the actual and ultimate indebtedness of maker or acceptor as the party who ought to pay. In such a case as that, which correctly describes the one now before us, and where no disturbing facts affect the relations of the parties as fixed by the paper itself, I think the holder may sue and recover the full amount, receiving so much of the proceeds as represents a part payment by the indorser as trustee for him.

It follows that the judgment should be affirmed, with costs.

All concur, except MAYNARD, J., dissenting.

Judgment affirmed.