DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.

---

HARTFORD FIRE INSURANCE COMPANY, Appellant, *v.* ROBERT H. M. DICKENSON and Another, Respondents.

*Discharge of a firm debt by the note of the wife of one member — allegation of payment.*

What evidence is sufficient to sustain the finding of a referee that the giving of her individual note by the wife of one of the two members of an insolvent firm to one of its creditors was accepted by such creditor in discharge of the debt of such firm.

What is a sufficient allegation of payment in an answer.

APPEAL by the plaintiff, Hartford Fire Insurance Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Rockland on the 3d day of July, 1893, upon the report of a referee dismissing the plaintiff's complaint and for costs.

The ninth, eleventh and thirteenth paragraphs of the answer read as follows:

"*Ninth.* Defendant, further answering the complaint herein and for a separate defense thereto, alleges, upon his information and belief, that the plaintiff has been paid all and every amount due

it from the firm of James H. Blauvelt & Company or from this defendant, and every sum of money for which this defendant may in any manner have been liable to the plaintiff."

" *Eleventh.* That, as the defendant is informed and believes, the said moneys so collected as above stated were received, held and paid over by the said defendant James H. Blauvelt, with the knowledge and consent of the plaintiff, and that said defendant Blauvelt was alone the agent of the plaintiff for the purpose of receiving, holding and paying over and transmitting to it all premiums collected, and that this defendant was at no time prior to August 15, 1891, the agent of the plaintiff for any such purpose."

" *Thirteenth.* That, as this defendant is informed and believes, all moneys at any time received by him, and for which he for any reason became liable to the plaintiff, were paid by him to the plaintiff, or to other companies for whom these defendants did business, which payments were made with the knowledge and consent of the plaintiff."

*George W. Weiant,* for the appellant.

*Snider & Hopper,* for the respondents.

PRATT, J. :

We think the answer in this case sufficiently alleged payment of the plaintiff's claim in the ninth, eleventh and thirteenth paragraphs thereof, and that the findings of the referee are sustained by the evidence.

The finding is that Mrs. Blauvelt, as the agent of James H. Blauvelt, paid the claim in suit and the same was received by the plaintiff in payment and satisfaction thereof.

The finding is explicit that the intention of the parties was to have the payment discharge the obligation. All the surrounding circumstances corroborate this theory.

Mrs. Blauvelt and Polhemus succeeded to the business and met the plaintiff to perfect the arrangements to go on with the business. Mrs. Blauvelt testifies that she was authorized to act for her husband, who had the right to pay the debt, and that she did pay a part of it and Polhemus the balance. There is no contradiction of the testimony given by Mrs. Blauvelt and defendant Dickenson, and it is evident

from the conduct of the parties that a full settlement was made at the time the business was turned over to the new firm of Blauvelt & Co.

There are many exceptions taken, but none of sufficient merit to reverse the judgment.

The result is just and the judgment must be affirmed, with costs.

DYKMAN, J., concurred.

BARNARD, P. J. (dissenting):

The facts are not disputed. The defendant and James H. Blauvelt were partners in business at Nyack, Rockland county, as insurance agents. The firm failed, owing the plaintiff a considerable sum for premiums collected. The wife of Blauvelt applied to the plaintiff to become its agent, and agreed, in consideration of being appointed, to pay the firm debt. The company agreed to and did appoint her agent. She paid a portion of the debt in cash and gave her note for the remainder, which she has not paid. The firm had no connection with the transaction, and there was no agreement even that the wife's note should be accepted in satisfaction of the firm's debt. The referee, on these facts, erroneously found that the firm debt was paid by the unpaid note. There was no payment, probably not even so far as the cash payment, by the wife. The debt was not discharged. (*Madison Square Bank* v. *Pierce*, 137 N. Y. 444.)

The judgment should be reversed and a new trial granted, costs to abide event.

Judgment affirmed, with costs.