We think it quite clear that there is no allegation in this complaint that any other than the plaintiffs were necessary parties to this action. The only injunction alleged in the complaint is an injunction restraining these plaintiffs from prosecuting their claims against Noble. There is no allegation that any other injunction was granted; that any other defendants in the action in which the injunction was granted were served with process; and it does not appear that there were any persons other than the plaintiffs either enjoined in the original action, or who, though not enjoined, sustained any damage by reason of the injunction. By section 448 of the Code, it is provided that those who are united in interest must be joined as plaintiffs or defendants. But as it does not appear upon the face of the complaint that there is any one entitled to recover anything upon this undertaking, except the plaintiffs, the objection must be taken by answer. The judgment was therefore right, and should be affirmed, with costs.

There is also an appeal from the order or decision upon which the interlocutory judgment was entered. As no such appeal is allowed by the Code, the appeal from such order or decision must be dismissed. All concur.

---

HANOVER NAT. BANK OF CITY OF NEW YORK v. AMERICAN DOCK
& TRUST CO.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

1. PLEDGES—PLEDGEE'S RIGHTS AGAINST THIRD PERSONS.
   In replevin by a pledgee of chattels against a warehouseman with whom pledgor stored them, the pledgee is entitled to an alternative judgment for the full value of the chattels, irrespective of the amount for which they were pledged.[1]

2. DAMAGES—CORRECTING ASSESSMENT BY JURY—PRACTICE.
   The proper procedure to correct an erroneous assessment of damages by a jury is by motion at special term to set aside the assessment and for a reassessment, not by motion for a new trial.

Appeal from special term, New York county.

Replevin by the Hanover National Bank of the City of New York against the American Dock & Trust Company, in which judgment absolute for plaintiff was ordered on an appeal by defendant to the court of appeals. From an order denying defendant's motion to set aside an assessment of damages by a jury, it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thaddeus D. Kenneson, for appellant.
Thomas S. Moore, for respondent.

---

[1] See, also, Bigelow v. Goble (Sup.) 41 N. Y. Supp. 299, in which it was held that a chattel mortgagee could recover the full value of the mortgaged chattels from a third person, without regard to the amount of the mortgage debt.

INGRAHAM, J.   The complaint in this action alleges that the plaintiff is entitled to the possession, by virtue of a special property therein, of 172 bales of cotton; the facts upon which said special property depended being that the defendant had duly issued to one Stone its warehouse receipt, in and by which the defendant certified that it had received on storage at its warehouse on account of said Stone the 172 bales of cotton, and in and by which it agreed to hold the same subject to the order of the said Stone; that thereafter the said Stone duly indorsed the said warehouse receipt in writing in blank, and duly assigned, transferred, and delivered the said warehouse receipt to the plaintiff, who thereupon loaned and advanced to the said Stone the sum of $5,000, and received and accepted said warehouse receipt as security for said loan; that before the commencement of the action the plaintiff had duly demanded the cotton from the defendant, and offered to pay, and duly tendered to the defendant the amount necessary to pay, the storage and other charges thereon, and offered to surrender the said warehouse receipt, but the said defendant refused, and yet refuses, to deliver said cotton to the plaintiff, to its damage in the sum of $6,983.20, the value of the said cotton.   Wherefore the plaintiff demands judgment against the defendant for the recovery of the said cotton, with $1,000 damages for the detention of the same, or, in case a delivery thereof cannot be had, for the value thereof, with damages as aforesaid.   The defendant answered the complaint, and the case thereupon came on for trial, which resulted in a verdict for the defendant, upon which judgment was entered.   Upon an appeal from that judgment the general term of the supreme court reversed the judgment and ordered a new trial.   26 N. Y. Supp. 1055.   Thereafter the defendant appealed from the said judgment of the general term to the court of appeals, and in the notice of appeal gave the usual stipulation for judgment absolute in the event of the affirmance of the order appealed from. Thereafter the said appeal was heard in the court of appeals, that court affirming the order so appealed from, and directing judgment absolute for the plaintiff on the said stipulation.   43 N. E. 72.   The remittitur from the court of appeals "did order and adjudge that the order of the general term of the supreme court appealed from herein to this court be, and the same is hereby, affirmed, and judgment absolute ordered against the defendant on the stipulation, with costs."   Upon that remittitur the judgment of the court of appeals was made the judgment of the supreme court, and said order "adjudged that the plaintiff do recover of the defendant the damages sustained by it on account of the cause of action alleged in the complaint, and that it do recover also of the defendant the possession of the personal property described in the complaint, to wit, one hundred and fifty-one bales of cotton marked 'S. Y. E.,' and twenty-one bales of cotton marked 'C. U. V.,' and damages for the detention thereof, or damages for the value of the property claimed in case a delivery of said property cannot be had, and also damages for the detention of said property, together with costs, to be taxed by the clerk"; and the said order further directed

an assessment by a jury of the damages directed to be recovered
by the plaintiff at the trial term of the court. The action was
brought to recover the possession ·of the property covered by the
warehouse receipt which had been indorsed to the plaintiff, or for
its value; and by the judgment of the court of appeals, subsequently
made the judgment of this court, judgment was ordered in that
action upon the stipulation against the defendant. The form of
that judgment was settled on application to the court, and it was
there provided that the plaintiff was to recover of the defendant
the possession of the personal property described in the complaint,
or its value in case a delivery of said property could not be had,
and also damages for its detention. The assessment ordered was
not to determine as to how much money the plaintiff would be enti-
tled to recover upon a new trial of the action, but was simply to
assess the value of the property and the damages sustained in con-
sequence of its detention, all other questions in the case having
been eliminated by the judgment of the court of appeals and the
judgment of the supreme court upon such judgment. The trial
judge before whom this assessment was had, had nothing to do
with any equities that existed between the parties; nor could he
consider the question as to whether or not, upon the defendant's
proving that it actually had none of this cotton on storage at the
time this warehouse receipt was issued, it would defeat the plain-
tiff's claim to any amount. He had simply, under the order direct-
ing the assessment of damages, to determine the value of the cot-
ton and the amount of the damages sustained in consequence of
its detention; and that, as we understand it, was the basis upon
which the learned judge proceeded. Upon the complaint in this
action the position of the parties would appear to be that the de-
fendant had 172 bales of cotton on storage for Stone and which be-
longed to Stone; that as security for a loan Stone had transferred
the title to that 172 bales of cotton to the plaintiff, in whom, by
such transfer, the legal title vested. As between the plaintiff and
the defendant, the plaintiff was entitled to the possession of the
172 bales of cotton upon paying the charges of the defendant. To
enforce that right to the possession of this cotton this action was
brought.

In this action for the possession of the cotton final judgment is
ordered for the plaintiff, i. e. a judgment based upon the facts al-
leged in the complaint. If, as a matter of fact, the defendant did
not have the cotton in its warehouse belonging to Stone, that was
a matter of defense for the defendant to allege and prove. The
cause of action is to recover the possession of the cotton or its
value, and upon that cause of action the plaintiff is entitled to judg-
ment absolute. Being entitled to recover the possession of the
cotton, the title to which was transferred by Stone to the plaintiff,
whether or not Stone owed to the plaintiff the total amount that
it had recovered from the defendant, or whether the plaintiff would
be obliged to account to Stone for any excess over and above the
amount it was entitled to retain as between the plaintiff and Stone,
was a matter of no concern to the defendant upon the pleadings.

This principle was established in the case of Bank v. Pierce, 137 N. Y. 444, 33 N. E. 557. There the defendant made his promissory note to the order of the Bates Company, which company indorsed it to the plaintiff, the latter discounting it for Bates. Subsequently the Bates Company failed, but paid to the plaintiff on account of the note over 73 per cent. The bank sued Pierce, the maker of the note, for the full amount, and recovered judgment, and that judgment was affirmed, notwithstanding the fact that the Bates Company, as indorser, had paid to the plaintiff over 73 per cent. of the amount of the note. The judgment of the court of appeals was put upon the ground that the defendant, the maker of the note, owed the money upon it, and that, this note having been transferred by the payee to the bank, the whole title vested in the bank, and, as legal owner of the note, it was entitled to recover from the maker the amount that the maker owed upon the note. The right to this recovery was entirely unaffected by the fact that, as between the plaintiff and the indorser, the indorser had, on account of its liability to the bank as indorser, paid to the bank upwards of 73 per cent. of the amount due on the note. The same principle applies in this case. Upon the facts alleged in the complaint, the plaintiff was entitled to the 172 bales of cotton. Judgment was ordered for the plaintiff upon that cause of action. If the defendant had had in its possession the 172 bales of cotton, the plaintiff would have been entitled to have such cotton delivered to it, and whether or not there would then have been any balance due to Stone is entirely immaterial; but in such an action the plaintiff was also entitled to have the value of the cotton, which it was adjudged was the property of the plaintiff, and should be delivered to it, ascertained, so that in the event of failure to obtain the possession of the identical cotton, to which it was adjudged the plaintiff was entitled, the plaintiff could recover a money judgment for the value of the cotton in lieu of its production. That is just what this assessment of damages did. The assessment having been made, the final judgment to which the plaintiff would be entitled would be a judgment for the delivery to it of the cotton, or, in the event of its nondelivery, to a judgment against the defendant for the amount found to be its value, together with the amount of the damages caused by the detention of the cotton, and to have execution thereof.

We have not discussed the question as to whether the procedure adopted by the defendant was correct. We think, however, that the only method by which an error upon an assessment of damages could be corrected is by a motion at special term to set aside the assessment and order a new one to be had.

As we think that no error was committed upon the assessment in question, the order below was right, and should be affirmed, with $10 costs and disbursements. All concur.