### In re BINGHAM.

(District Court, D. Vermont. May 30, 1899.)

BANKRUPTCY—SET-OFF OF CLAIMS—SUBROGATION.

Where, at the time of the filing of a petition in bankruptcy, the bankrupt and a person indebted to him were jointly liable on a promissory note to a bank, and the bank proved its claim on the note, and thereafter the bankrupt's debtor took up the note, *held*, that the latter could not set off against his indebtedness to the estate the moiety of the note which the bankrupt should have paid, but that, on paying his debt to the trustee, he should be subrogated to the rights of the bank as to that moiety, and entitled to receive such dividends as should be declared thereon.

In Bankruptcy.

Henry C. Ide, for trustee in bankruptcy.
Wendell P. Stafford, for James E. Hartshorn.

WHEELER, District Judge. At the time of the filing of the petition the bankrupt owed James E. Hartshorn $110.50, Hartshorn owed the bankrupt $554.70, and both were holden on a note of $1,200 to a savings bank, one-half of which each ought to pay. The bank has proved its claim, and Hartshorn has taken up the note. One-half of what he paid was his own debt, and he can have no claim against the bankrupt estate growing out of that. He insists that the balance of direct claims between him and the bankrupt should be set off against what he has paid that the bankrupt ought to have paid, and that the balance should stand as a valid claim in his favor against the estate. The bankrupt was impliedly bound to save him harmless from this part of that debt, and has not done so; but the detriment has occurred since the filing of the petition, and, till that occurrence, Hartshorn had no provable claim on that account. By this bankrupt act all claims turn upon their status at the time of the filing of the petition, and decisions upon statutes having different provisions in this respect will not afford safe guides for the construc-

tion of this. It affords relief for a surety when the creditor does not prove the claim by allowing the surety to prove it for subrogation, but nothing more. The relief is the same that the surety would have if the creditor should prove the claim, and get what could be had upon it voluntarily. The creditor has no right to anything more than payment, and the surety who has borne the burden is entitled to the benefit. These rights arise, not from the original contract of suretyship, but from the equities of the subsequent transactions. Miller v. Sawyer, 30 Vt. 412. Subrogation of the surety to the rights of the creditor does not enlarge them. They extend only to such dividends as the creditor can have. Here, Hartshorn should pay the balance due between him and the bankrupt to the trustee, now, for administration; and the trustee should pay the dividends on the bankrupt's half of the note, when declared, to Hartshorn. One-half of bank claim to stand for benefit of Hartshorn. Hartshorn's claim merged in balance of $444.20 due the estate.