In re HEYMAN.

(District Court, S. D. New York. July 25, 1899.)

BANKRUPTCY—PROOF OF DEBTS—RIGHTS OF BANKRUPT'S SURETY.

Under Bankruptcy Act 1898, § 57, subd. i, where a creditor has received partial payment of his debt from a surety of the bankrupt, the right to prove the claim, for its entire amount, against the estate in bankruptcy, is in the creditor, in preference to the surety.

In Bankruptcy. On review of decision of referee in bankruptcy.

Meyer & Josephson, for surety.
Lyon & Smith, for proving creditor.

THOMAS, District Judge. The question for decision is whether a surety may discharge a part of a debt due from a bankrupt, and be at once subrogated pro tanto to the rights of the creditor, and prove his claim against the estate. Section 57, subd. i, provides:

"Whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor."

Rev. St. § 5070 (Bankruptcy Act 1867, § 19), provides as follows:

"Any person liable as bail, surety, guarantor, or otherwise for the bankrupt, who shall have paid the debt, or any part thereof, in discharge of the whole, shall be entitled to prove such debt or to stand in the place of the creditor if the creditor has proved the same, although such payments shall have been made after the proceedings in bankruptcy were commenced. And any person so liable for the bankrupt, and who has not paid the whole of such debt, but is still liable for the same or any part thereof, may, if the creditor fails or omits to prove such debt, prove the same either in the name of the creditor or otherwise, as may be provided by the general orders, and subject to such regulations and limitations as may be established by such general orders."

Section 57 of the act of 1898 states that the surety may prove the claim in the name of the creditor in case the latter do not make such proof, and enables the surety, in case he discharge the debt in whole or in part, to be subrogated to the rights of the creditor. The construction would be permissible that the surety is subrogated to the rights of the creditor to the extent to which he has paid the debt, but, if he has paid nothing, he must await the action of the creditor; and, in default of such action, the surety may act for the creditor in the matter of proving the claim. The construction placed upon section 19 of the act of 1867 leads to a contrary conclusion. That section states in terms that the surety who has discharged the debt in whole or in part shall be entitled to prove the debt, or, if the creditor has proved it, to stand in his place. That section further states that, if the surety has not paid the whole of the debt, but is still liable for the same, or any part thereof, he may, if the creditor omits to prove the debt, prove the same, either in the name of the creditor or otherwise, as may be provided, etc. These two sentences of section 5070, Rev. St., on certain state of facts might not entirely accord, but it is considered that the section is the full equivalent, and no more than an equivalent, of subdivision i of section 57 of the act of 1898. In such case it seems suitable to follow the interpretation placed upon section 5070, Rev. St. From the decisions relating to the former act, it appears that the creditor is entitled to prove his full claim in preference to a surety, who has discharged a part of his indebtedness. The authorities tending to establish this holding are: In re Ellerhorst, 5 N. B. R. 144, Fed. Cas. No. 4,381; In re Hollister, 3 Fed. 452; Stewart v. Armstrong, 56 Fed. 171; In re Souther, 2 Low. 322, Fed. Cas. No. 13,184; Bank v. Pierce, 137 N. Y. 444, 33 N. E. 557. See Downing v. Bank, 11 N. B. R. 372, Fed. Cas. No. 4,046. The motion to set aside the order of the referee is denied.