## In re SIMON.

(District Court, W. D. New York.   June 13, 1912.)

### No. 3,802.

BANKRUPTCY (§ 322*)—AMOUNT OF PROVABLE CLAIM—STATUS AT TIME OF BANKRUPTCY GOVERNS.

    A creditor of a bankrupt, holding promissory notes on which others besides the bankrupt are bound, may prove his claim against the estate for the amount due thereon at the time of the bankruptcy, and receive dividends on such amount until they, together with payments by other obligors, equal the full amount of the debt.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 508–510; Dec. Dig. § 322.*]

In the matter of Michael C. Simon, individually and as surviving partner of the firm of Ely Meyer & M. C. Simon, bankrupt.   On review of order of referee.   Reversed.

See, also, 197 Fed. 102.

Clarence E. Shuster, of Rochester, N. Y., for banks.

Isaac Adler, of Rochester, N. Y., for trustees.

HAZEL, District Judge.   Review of decision of referee in bankruptcy, directing the National Bank of Commerce and the Traders' National Bank, of Rochester, N. Y., and the Atlanta National Bank, of Atlanta, Ga., to reduce their claims, as filed herein, by the amounts paid by the makers of the notes, or paid at maturity out of their estates, and applied, since the filing of the petition in bankruptcy, on account of such notes.   The cases, which arose on separate claims or indebtednesses, were, by stipulation, consolidated, argued together, and submitted upon one return.

The referee followed a decision made by him in the year 1901 (In re Marks & Garson, 6 Am. Bankr. Rep. 641), wherein he held that claims arising on promissory notes not due at the time of filing the petition in bankruptcy were contingent liabilities under section 63a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]), and that, after payments thereon by the makers, a bank which had discounted the notes was entitled to dividends from a bankrupt estate only upon the amount unpaid.   Since such decision, however, it has uniformly been held that under the Bankruptcy Act of 1898 provability of a claim depends upon its status at the time the petition is filed, and not at a time subsequent. In re Bingham (D. C.) 94 Fed. 796; Swarts v. Fourth National Bank of St. Louis, 117 Fed. 1, 54 C. C. A. 387.

It is true that, to enable a claimant to share in the distributive part of the bankrupt estate, the debt must be a fixed liability absolutely owing at the time the petition against the bankrupt is filed; but it is not thought material as to when the debt or liability is payable.   At the time of filing the petition in bankruptcy promissory notes previously made or indorsed by the bankrupts, and discounted at a bank,

though they are payable at some future time, nevertheless constitute an absolute liability, and there is vested in each creditor an equitable right or interest in the assets of the bankrupt. In Loveland's recent work on Bankruptcy (volume 1, p. 623) the rule applicable to the facts under consideration is stated as follows:

"Where a maker and an indorser or surety, whose liability is fixed, are both adjudged bankrupts, the whole debt at the date of bankruptcy may be proved against either or both estates. But he can receive in dividends from both parties no more than his whole debt. The reason of this doctrine is that the creditor holds the credit of both the principal and indorser or surety for his whole debt. The creditor may prove against both estates, because he then gets precisely the security he bargains for, and no one is injured."

This right of the owners or holders of a promissory note has been emphatically upheld by the Circuit Court of Appeals for the Eighth Circuit in Board of County Commissioners v. Hurley, 169 Fed. 92, 94 C. C. A. 362. Careful reading of said decision shows that sureties and indorsers of negotiable instruments, and liabilities arising generally thereon, are within the same category, and that a creditor holding a claim upon which others are personally liable—

"may prove his claim against the estates of those who become bankrupt, and may at the same time pursue the others at law, and he may recover, notwithstanding payments after the bankruptcy by other obligors or by their estates, dividends from each estate in bankruptcy upon the full amount of his claim at the time the petition in bankruptcy was filed therein, until from all sources he has received full payment of his claim, but no longer."

To this ruling of an appellate tribunal, which is in accordance with my own views, I am obliged to give effect. Hence, under the doctrine of that case, the less amount paid by the makers of the notes, or by their trustees in bankruptcy, does not constitute payment of the claim asserted by the banks against the bankrupt estate herein.

Upon the conceded facts I think the claim of the said banks should have been allowed, without deducting the amounts paid by the makers of the notes or realized out of their bankrupt estates. So ordered.