[No. 15023.  Department Two.  March 31, 1919.]

COATS SHINGLE COMPANY, *Plaintiff*, A. R. TITLOW, *as Receiver, Appellant,* v. CHESTER SNOW LOG & SHINGLE COMPANY, *Defendant,* and NATIONAL BANK OF TACOMA, *Cross-Appellant.*[1]

BANKRUPTCY (19)—DIVIDENDS—RIGHTS OF CREDITORS—PART PAYMENT.  A bank holding notes of an insolvent debtor through indorsement by another bank, also insolvent, is entitled to dividends from the estate of the insolvent debtor, until the notes are paid in full, the same as though the payment had been voluntarily made by the insolvent bank in compliance with its obligation as indorser.

SAME (19) — DIVIDENDS — PART PAYMENT OF CLAIM — INTEREST.  Where, upon insolvency of a bank that had indorsed promissory notes to another bank in which it had a balance, the creditor bank appropriated the insolvent's deposit credit and applied it on its claim, the creditor bank is not entitled to interest on the sum appropriated after that date.

Cross-appeals from an order of the superior court for Lewis county, Reynolds, J., entered October 26, 1917, awarding a dividend in receivership proceedings, after a hearing before the court.  Affirmed.

*Bausman & Oldham,* for appellant Titlow.

*Hayden, Langhorne & Metzger,* for appellant National Bank of Tacoma.

PARKER, J.—This is a controversy between the National Bank of Tacoma and A. R. Titlow, as receiver of the United States National Bank of Centralia, over a dividend awarded to the creditors of the insolvent defendant, Chester Snow Log & Shingle Company, in the receivership of that company being administered in the above entitled action in the superior court for Lewis county.  The Tacoma bank, and Titlow as receiver of the Centralia bank, each claim to

[1]Reported in 179 Pac. 862.

be creditors of the insolvent company, basing their claims upon the same two promissory notes of that company. The Tacoma bank, as the present holder of the notes, claims the entire dividend awarded upon the debt evidenced by the notes. Titlow, as receiver of the Centralia bank, claims that portion of the dividend payable upon $3,628.09 of the debt evidenced by the notes, upon the ground that the Tacoma bank has received that sum toward the payment of the notes by its appropriation from a deposit credit of the Centralia bank in the Tacoma bank, such appropriation being made by the Tacoma bank on the ground that the Centralia bank was liable thereon as an indorser of the notes to the Tacoma bank. Titlow, as receiver of the Centralia bank, appealed to this court from the order of the superior court, made in the receivership of the insolvent company, awarding the whole of the dividend payable upon the notes to the Tacoma bank, in preference to his claim as receiver of the Centralia bank. The Tacoma bank thereafter appealed from so much of the order as denied it interest upon the whole of the principal of the notes, the order being, in substance, that it should not receive interest on $3,628.09 of the principal, that being the amount of its appropriation of the deposit credit of the Centralia bank.

The controlling facts are not in dispute, and may be summarized as follows: On June 10th and July 29th, 1914, the Chester Snow Log & Shingle Company executed and delivered to the United States National Bank of Centralia two promissory notes, for the principal sum of $2,500 and $6,000, respectively, each payable four months after their respective dates. Thereafter, before maturity, the notes were, by the Centralia bank, transferred by indorsement to the Na-

tional Bank of Tacoma. Thereafter, on September 29, 1914, the notes so held by the Tacoma bank being wholly unpaid, and the Centralia bank having failed and passed into the hands of Titlow as its receiver, and it then having a credit balance of $3,628.09 on deposit in the Tacoma bank, that bank appropriated the whole of such deposit and credited it upon the $6,000 note. This was done upon the theory that the Centralia bank was liable as an indorser upon the notes to the Tacoma bank; and it is here conceded that the Tacoma bank was acting within its rights in so appropriating the Centralia bank's deposit credit. Soon thereafter, a receiver was appointed for the Chester Snow Log & Shingle Company, by the superior court for Lewis county in the above entitled action, because of its insolvency, and with a view of winding up its affairs. On October 26, 1917, a dividend of 20 per cent having been awarded to the creditors of that company in the receivership proceeding, the court made an order determining the respective rights of the Tacoma bank and Titlow, as receiver of the Centralia bank, to dividends payable upon the notes, which order, in so far as we need here notice its terms, reads as follows:

"Doth now order that the receiver of the Chester Snow Log & Shingle Company pay all dividends which have been ordered or which may hereafter be ordered to be paid to The National Bank of Tacoma, based on the principal sum of $8,500 as evidenced by the aforesaid notes of $2,500 and $6,000 respectively, plus interest upon said notes according to their terms computed in the like manner as interest has been computed upon the claims of other creditors, and provided further that as a basis for arriving at the dividends to be paid to the National Bank of Tacoma hereunder no interest shall be computed by the receiver on the sum of $3,628.09, from September 29, 1914.

"It is further ordered that the said C. A. Doty as such receiver shall continue to pay such dividends to the National Bank of Tacoma until the total thereof, together with said sum of $3,628.09, shall equal the principal sum of the said notes for $2,500, and $6,000 respectively, together with interest according to their terms, providing, however, that in computing interest to be allowed to The National Bank of Tacoma no interest shall be allowed upon the said sum of $3,628.09, subsequent to September 29, 1914.

"It is further ordered that after the National Bank of Tacoma shall have received by way of such dividends taken with said sum of $3,628.09 the principal sum of $8,500, with interest computed as hereinbefore directed, the receiver of Chester Snow Log & Shingle Company shall pay any surplus moneys remaining from dividends then declared, and all other or further dividends if any applicable to said notes for $2,500 and $6,000, to A. R. Titlow as receiver of U. S. National Bank of Centralia."

This is the order from which these appeals are prosecuted.

As to the appeal of Titlow, as receiver of the Centralia bank, we feel constrained to hold against the contentions here made in his behalf, in compliance with what we think is the well settled rule of law applicable to the situation here presented. That rule is well stated by Judge Sanborn, speaking for the United States Circuit Court of Appeals for the eighth circuit, in *Swarts v. Fourth Nat. Bank of St. Louis,* 117 Fed. 1, as follows:

"A creditor who holds the obligations of a bankrupt which have been partly paid by an accommodation maker, an indorser, or a surety, may prove his claim, and have that claim allowed against the estate of the bankrupt for the full amount owing by the bankrupt upon the obligations, but if the dividends on that claim from the bankrupt estate, plus the amount paid by the surety, aggregate more than the entire amount

of the obligations and interest, he holds the surplus in trust for the surety. *In re Ellerhorst,* 8 Fed. Cas. 522, 523 (No. 4,381); *Ex parte Talcott,* Fed. Cas. No. 13,184, 2 Low. 320, 323; *In re Bingham* (D. C.), 94 Fed. 796; *In re Heyman* (D. C.), 95 Fed. 800; Collier, Bankr. (3d Ed.) p. 321; *Bank v. Pierce,* 137 N. Y. 444, 447, 33 N. E. 557, 20 L. R. A. 335, 33 Am. St. Rep. 751; *In re Hollister* (D. C.), 3 Fed. 452, 453; *Downing v. Bank,* 7 Fed. Cas. 1008, 1011 (No. 4,046).''

This view of the law was adhered to by the Circuit Court of Appeals for the first circuit in *In re Noyes Bros.,* 127 Fed. 286, Judge Aldrich speaking for the court, saying:

''It is too late to go to the reason of the rule which permits a creditor whose claim is secured or partly paid by an accommodation indorser to prove the claim to its full amount, and exclude from the bankrupt estate the avails of such security or part payment, because the authorities in this country and England establishing that rule are such that we feel we ought to be governed by them.''

In *Madison Square Bank v. Pierce,* 137 N. Y. 444, 33 N. E. 557, 33 Am. St. 751, 20 L. R. A. 335, and *McGrath v. Carnegie Trust Co.,* 221 N. Y. 92, 116 N. E. 787, the New York Court of Appeals rendered decisions in harmony with this view of the law. Some contention is made, rested upon the ground that the appropriation by the Tacoma bank of the $3,628.09 deposit credit of the Centralia bank was, in effect, an involuntary payment by the latter upon the note, and was made prior to the maturity of the notes. Such facts, however, we do not think change the legal effect of such appropriation and payment, which we think was the same as if the payment had been voluntarily made by the Centralia bank, in compliance with its obligation as indorser, after maturity. The fact remains that the Tacoma bank is the legal owner of the

notes, and that the insolvent estate of the Chester Snow Log & Shingle Company owes the whole amount of the principal and interest thereon to the Tacoma bank. It follows, we think, that the Tacoma bank is entitled to dividends from the insolvent estate of the Chester Snow Log & Shingle Company, at least to the extent awarded by the order of the superior court.

As to the appeal of the Tacoma bank, we are also convinced that the trial court did not err in refusing to award interest to it upon $3,628.09 of the amount of the indebtedness evidenced by the notes. The order appealed from expressly provides that the Tacoma bank may retain that sum as part payment upon the notes, and instead of ignoring such payment and relegating Titlow, as receiver of the Centralia bank, to an action against the Tacoma bank for an accounting for any surplus it may possibly have by the receiving of all dividends and the $3,628.09, the order awards to Titlow, as receiver of the Centralia bank, any surplus dividends coming from the insolvent estate of the Chester Snow Log & Shingle Company, after the Tacoma bank shall have been fully paid from the dividends and the $3,628.09. The Tacoma bank, we think, has no just cause to complain of its being refused interest on the $3,628.09, since it has had the use of that sum at all times since its appropriation thereof, and is by the express terms of the order permitted to retain it without any liability whatever to return any portion thereof to Titlow, as receiver of the Centralia bank.

The order appealed from is in all things affirmed.

CHADWICK, C. J., FULLERTON, HOLCOMB, and MOUNT, JJ., concur.