(63 App. Div. 220.)

TWELFTH WARD BANK OF CITY OF NEW YORK v. BROOKS et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. NOTES—SUIT AGAINST INDORSER—PLEADING—DEFENSES—PAYMENT.
    In a suit on a note by the holder, an indorser interposed an answer, which alleged that the plaintiff was not the real party in interest, that the note had been paid by an indorser subsequent to defendant, and that the action was for such indorser's benefit. *Held,* that a demurrer to the answer should have been sustained; the negotiable instruments law (Laws 1897, c. 612, § 202) declaring an instrument not discharged by the payment of one secondarily liable.

2. SAME—CONCLUSIONS OF LAW.
    By not denying, defendants admit that the note had been transferred to plaintiff, and, without setting up facts to avoid such admission, they cannot raise an issue of fact by the conclusions of law pleaded.
    Laughlin, J., dissenting.

Appeal from special term, New York county.

Action by the Twelfth Ward Bank of the City of New York against Arthur H. Brooks, impleaded with Henry P. Robinson and another. From an interlocutory judgment overruling a demurrer to the third defense of defendants' amended answer, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Joseph E. Bullen, for appellant.
Alex. Thain, for respondents.

HATCH, J. The defendant and respondent Brooks is indorser upon a promissory note which passed into the hands of one Quincy, who in turn indorsed the same to the plaintiff. An action having been brought on the note by the plaintiff, the defendant Brooks interposed an answer containing three separate defenses. To each

of these the plaintiff demurred on the ground that they were severally insufficient in law. Upon the hearing of the demurrers, the court sustained the same as to the first and second defenses, but overruled it as to the third. The complaint contains the usual allegations of the making of the note; its due indorsement and delivery to the plaintiff; its presentation for payment, protest for nonpayment, and notice thereof; that the plaintiff is now the lawful owner and holder of the note; and that no part thereof has been paid, and that the defendants are indebted to the plaintiff thereon. The answer of the defendant Brooks does not deny any allegation of the complaint except so much thereof as avers that the plaintiff is the lawful owner and holder of the note, as to which it is averred that at the commencement of the action the defendant Quincy was, and still is, such owner and holder. The second defense is that before the commencement of the action the defendant Quincy paid to the plaintiff the amount due upon the said note; and for a third defense it is averred that the plaintiff is not the real party in interest; that the action is not brought for the benefit of the plaintiff, but that before the commencement of the action said note was paid in full by the defendant Quincy to the plaintiff, and at the time of the commencement of the action the said Quincy was, and still is, the owner and holder thereof, and that the action is brought for the benefit of said Quincy. It will be observed that, aside from the allegation of payment, the third defense consists wholly of conclusions of law, viz. that the plaintiff is not the real party in interest, that the action is not brought for the benefit of the plaintiff, that the defendant Quincy was and is the owner and holder of the note, and that the action is brought for the benefit of said Quincy. The note was made by the defendant Robinson to the order of the defendant Brooks, and indorsed by Brooks, and then by Quincy. Quincy is, therefore, only secondarily liable, and is, moreover, an indorser subsequent to Brooks, and entitled, on paying the note, to look to Brooks, as well as to the maker, for payment. The answer contains no defense to the cause of action averred in the complaint. It is provided by the negotiable instruments law (chapter 612, Laws 1897) that, where the instrument is paid by a party secondarily liable thereon, it is not discharged (section 202), and in other sections of the act it is provided how and when such instruments are discharged. The effect of this law is that payment by a subsequent indorser is no defense. So far as the respondent Brooks is concerned, he owed the whole amount of the note, exactly as before, and although, as between Quincy and the plaintiff, if the former has in fact paid the note, the latter will hold the proceeds, if collected by this action, as trustee for the benefit of Quincy, since it cannot require that the debt be paid twice. Yet such fact furnishes no defense to the appellant, unless he can show that such payment was made for him, which is not pretended here. Bank v. Pierce, 137 N. Y. 444, 33 N. E. 557. Aside from the averment of payment, as already intimated, the other averments of this third defense are mere legal conclusions, and that such averments do not constitute a defense has been repeatedly held. By not denying, the

defendant admits that the title to the note was transferred to the
plaintiff; and without setting up facts to avoid the effect of such
an admission, and to show the transfer of the note from the plaintiff
to the defendant Quincy, he cannot raise an issue of fact by the af-
firmative statement of conclusions of law. The facts must be al-
leged from which such conclusions of law could have been drawn.
Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489; Saunders v. Chamber-
lain, 13 Hun, 568.

The interlocutory judgment should be reversed, with costs, and
the demurrer to the third separate defense sustained, with costs,
with leave to the defendant to answer over within 20 days upon
payment of costs in this court and in the court below.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ.,
concur.

LAUGHLIN, J. I dissent on the ground that Quincy, having paid
the note, became subrogated to the rights of the plaintiff, and that
he is now the real party in interest, and may maintain an action
thereon against the respondent Brooks, who was a prior indorser.