(117 App. Div. 525)

## LUDLOW v. WOODWARD.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

1. PLEADING—CONCLUSIONS OF LAW.

In an action on a note, allegations in the answer that plaintiff was not a bona fide holder and owner of such note, and that he was maintaining the action for benefit of the original payee, were mere conclusions of law, and did not meet the requirements of Code Civ. Proc. § 500, that the answer must contain a statement of any new matter constituting a defense or counterclaim in ordinary and concise language.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 23.]

2. SAME—CERTAINTY OF ALLEGATIONS.

In an action on a note, an allegation in the answer that the note after maturity and payment was delivered to the plaintiff by his indorser; for no value was too vague and indefinite to meet the requirements of Code Civ. Proc. § 500, that the answer must contain a statement of any new matter constituting a defense in ordinary and concise language.

3. BILLS AND NOTES—ACTIONS ON—DEFENSE.

In an action on a promissory note conceded to be a valid obligation against defendant in the hands of plaintiff's indorser, it was no defense that the note was delivered to plaintiff by such indorser for no value after maturity and payment, where plaintiff was not a party to any fraud in the inception of the note, as his indorser had a perfect right to transfer the note without consideration; he being relieved of the equity between the maker of the note and the original payee.

Patterson, P. J., and Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Samuel Ludlow, Jr., against Rignal D. Woodward. From a judgment sustaining plaintiff's demurrer to the answer, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

W. E. Kisselburgh, Jr., for appellant.
David T. Davis, for respondent.

LAMBERT, J. The defendant has on two previous occasions answered the plaintiff's complaint, and the plaintiff demurs to this third effort to set up a defense to the cause of action alleged in the complaint. The action is brought on a promissory note made by the defendant to the order of one McCuaig, which note was indorsed to the Sovereign Bank of Canada for value before maturity. This much is conceded, and the bank thus became the owner in due course of business, and the note was unquestionably a valid obligation in the hands of the bank, regardless of equities between the maker and McCuaig. The answer alleges that:

The "defendant is informed and believes that the said Samuel Ludlow, Jr., the plaintiff in the above-entitled action, is not a bona fide owner and holder of said note, the subject of this action; that the said note, after maturity and payment, was delivered to the plaintiff by the Sovereign Bank of Canada for no value; and that the said plaintiff is maintaining this action for the benefit of said McCuaig, and is not the real party in interest."

The allegation that the plaintiff "is not a bona fide owner and holder of said note" is clearly a conclusion of law not admitted by the de-

murrer, and the further allegation "that the plaintiff is maintaining this action for the benefit of said McCuaig, and is not the real party in interest," is subject to the same comment. Twelfth Ward Bank v. Brooks, 63 App. Div. 220, 71 N. Y. Supp. 388. The Code of Civil Procedure requires (section 500) that the answer must contain a "statement of any new matter constituting a defense or counterclaim, in ordinary and concise language without repetition"; and the mere affirmative allegation of conclusions of law does not meet this requirement. And the very vague and indefinite allegation "that the said note after maturity and payment was delivered to the plaintiff by the Sovereign Bank of Canada for no value" is not stating new matter constituting a defense in that "ordinary and concise language" which common fairness and good pleading demand. There is no allegation as to who made the payment, or that any óne in fact made a payment, and the fact that the note may have been transferred to the plaintiff, without consideration, by the bank which had come into possession of the same in due course, is not a defense to this action, in the absence of some allegation that the plaintiff was a party to the alleged fraudulent inception of the note. The bank, as the owner and holder of the note in due course, as between the plaintiff and defendant, had a perfect right to transfer the same without consideration. The plaintiff merely stands in the shoes of the Sovereign Bank of Canada, and the latter concededly came into possession of the note in such a manner as to be relieved of the equities between the maker of the note and McCuaig.

The interlocutory judgment appealed from should be affirmed, with costs.

McLAUGHLIN and SCOTT, JJ., concur. PATTERSON, P. J., and HOUGHTON, J., dissent.