FERBER v. THIRD STREET REALTY CO. et al. ·

(Supreme Court, Appellate Division, Second Department. March 26, 1915.)

1. PLEADING ⟋94—DEFENSES—SEPARATE DEFENSES.
    Each separate and distinct defense must be complete in itself.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 191, 192; Dec. Dig. ⟋94.]

2. PLEADING ⟋8—CONCLUSIONS—ACTION ON NOTE.
    Where it failed to deny the averments of the complaint that plaintiff was a bona fide holder for value, a separate defense in an answer alleging that plaintiff was not the real holder and owner of the notes in due course, but that others were the real parties in interest, is subject to

demurrer; its averments being only conclusions of law, and not raising an issue as against the admission that plaintiff was a bona fide holder.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. ☞8.]

3. BILLS AND NOTES ☞480—ACTIONS—ANSWER.

Where the complaint alleged that plaintiff acquired the note from the payee, a bona fide holder, a separate answer, denying that plaintiff was the owner and holder of the note, and averring that it was transferred without consideration, raises no defense, as the original holder could pass good title to the note without receiving consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1526–1529; Dec. Dig. ☞480.]

Appeal from Special Term, Richmond County.

Action by Blanche J. Ferber against the Third Street Realty Company and others. From an order overruling a demurrer to the answer, and denying plaintiff's motion for judgment on the pleadings, plaintiff appeals. Order reversed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Arthur O. Townsend, of New York City, for appellant.

Henry Goldstein, of New York City, for respondents.

BURR, J. Plaintiff brings this action on a promissory note made by the Third Street Realty Company to the order of Robert L. Ireland for $1,000, payable four months after date. The complaint alleges that defendants Robert L. Ireland, the payee of the note, and John De C. Ireland, before the maturity of the said note, for value, indorsed and delivered the same to the plaintiff, who is now the owner and holder thereof. The complaint further alleges nonpayment thereof. The maker of the note interposed an answer in the following form:

"First. This defendant has no knowledge or information sufficient to form a belief as to the allegations contained in the 'third' paragraph of the complaint, that the plaintiff is now the owner and holder of the note in the complaint mentioned, or that the same was delivered to her for value, as in said paragraph 'third' of the complaint set forth.

"Second. Further answering said complaint, and as a further separate and distinct defense thereto, this defendant alleges, on information and belief, that this plaintiff is not the real and lawful holder and owner of said note in due course, nor the real party in interest, but that Arthur O. Townsend and A. H. Ferber are the real parties in interest."

Plaintiff demurred to the "further separate and distinct defense" for insufficiency, and moved for judgment on the pleadings, and also moved to set aside an ex parte order directing the trial of the issues in said action. Her motion was denied, and she now appeals.

[1, 2] The second paragraph of the answer, which is stated as a separate and distinct defense, is bad. Each separate and distinct defense must be complete in itself. By failure to deny, the allegation of the complaint, that the payee of the note, before maturity and for value, indorsed and delivered the same to plaintiff, stands admitted. In the face of such admission, the allegation in this clause of the answer that "this plaintiff is not the real and lawful holder and owner of said

note in due course, nor the real party in interest, but that Arthur O. Townsend and A. H. Ferber are the real parties in interest," states only a conclusion of law. Twelfth Ward Bank v. Brooks, 63 App. Div. 220, 71 N. Y. Supp. 388; Wenk v. City of New York, 82 App. Div. 584, 81 N. Y. Supp. 583. In Twelfth Ward Bank v. Brooks, supra, the third defense in the answer, after attempting, but failing, to properly allege payment of the note, did allege:

"That the plaintiff is not the real party in interest, that the action is not brought for the benefit of the plaintiff, that the defendant Quincy was and is the owner and holder of the note, and that the action is brought for the benefit of said Quincy."

The court in its opinion said:

"By not denying, the defendant admits that the title to the note was transferred to the plaintiff, and without setting up facts to avoid the effect of such an admission, and to show the transfer of the note from the plaintiff to the defendant Quincy, he cannot raise an issue of fact by the affirmative statement of conclusions of law. The facts must be alleged from which such conclusions of law could have been drawn."

[3] For a like reason—that is, failure to deny the transfer of the note to plaintiff—the denial in the first paragraph of the answer that "plaintiff is now the owner and holder of the note in the complaint mentioned" is insufficient. If it were true that the note was not transferred for value, this would constitute no defense. Ireland, as owner and holder of the note in due course, as between plaintiff and defendant, the maker thereof, had a perfect right to transfer the same without consideration. Ludlow v. Woodward, 117 App. Div. 525, 102 N. Y. Supp. 647; Queen City Bank v. Hudson, 8 App. Div. 27, 40 N. Y. Supp. 1018.

We think, therefore, that the demurrer to the separate defense of the answer should have been sustained, and the motion of plaintiff for judgment on the pleadings should have been granted, and the order directing the trial of the issues raised by the answer should have been set aside.

The order denying this relief must be reversed, with $10 costs and disbursements, and the motion for judgment on the pleadings, and to vacate the order directing the trial of the issues, must be granted, with $10 costs. All concur.