## In re GARFUNKEL et al.

(District Court, S. D. New York. December 13, 1924.)

Bankruptcy ⏝154—Liability of indorser on note discounted by bankrupts not discharged by deduction from indorser's claim against bankrupts of amount of note.

Liability of indorser on note discounted by bankrupts will not be discharged by having trustees of bankrupts deduct from indorser's claim against bankrupts amount of such note, where net result would be that maker of note could indemnify indorser and dispose of his liability for a few cents on the dollar, which was all bankrupt estate would pay.

In Bankruptcy. In the matter of Max Garfunkel and another, individually and as copartners composing the firm of Garfunkel & Tauster, bankrupts. On petition to review order of referee in bankruptcy, directing trustees of bankrupts to deliver to Max Kaminsky a note made by Harry Kaminsky and indorsed by Max Kaminsky, and now held by bankruptcy trustees. Order of referee reversed.

David W. Kahn, of New York City, for petitioning creditors and trustees.

Frindel & Biel, of New York City, for creditors.

GODDARD, District Judge. This is a petition to review an order of the referee in bankruptcy directing the trustees of the bankrupts to deliver to Max Kaminsky a note made by Harry Kaminsky and indorsed by Max Kaminsky, and now held by the trustees in bankruptcy of the firm of Garfunkel & Tauster.

On October 19, 1923, a note for $500, made by Harry Kaminsky and indorsed by Max Kaminsky, was discounted by the bankrupts, who were engaged in the banking business. On February 4, 1924, the said Garfunkel & Tauster were adjudicated bankrupts, and subsequently the petitioners were appointed trustees. On February 19, 1924, this note became due and, not being paid, was protested.

At the time the petition in bankruptcy was filed herein, Max Kaminsky had on deposit to his credit with the bankrupt $1,343.42. He now wishes to have the trustees deduct from his claim against the bankrupt the amount of the note, namely, $500, and he moved before the referee for an order directing the trustees to return the note to him, and staying the trustees from proceeding with an action to recover on the note, which the trustees had brought in the municipal court against Max and Harry Kaminsky.

It is obvious that, if such a scheme is permissible, the net result would be that the maker of the note, Harry Kaminsky, could indemnify Max Kaminsky, the indorser, and dispose of his liability for a few cents on the dollar, as that is all the bankrupt estate will pay. Such a result would be unfair to the creditors of the bankrupt, and in my opinion cannot be done. In Assets Realization Co. v. Mercantile Nat. Bank, 167 App. Div. 757, 761, 153 N. Y. S. 156, 159, Judge Laughlin, speaking for the Appellate Division, states:

"Payment of a note in whole or in part by one secondarily liable thereon does not discharge the obligation of the maker. Negotiable Instruments Law (Consol. Laws, c. 38; Laws 1919, c. 43) § 202; Twelfth Ward Bank v. Brooks, 63 App. Div. 220 [71 N. Y. S. 388]. The bank could have sued the maker for the full amount notwithstanding the payment by the guarantor, and the recovery would have inured to the benefit of the guarantor to the extent of the payment made by it. Madison Square Bank v. Pierce [137 N. Y. 444, 33 N. E. 557, 20 L. R. A. 335, 33 Am. St. Rep. 751] supra; Twelfth Ward Bank v. Brooks, supra."

It is quite likely that one of the reasons for this rule is to prevent the very thing which is being attempted here. Accordingly I find that the learned referee was in error, and that the motion made by Max Kaminsky to have the note delivered to him, and to stay the trustees from proceeding with the action which they have commenced against Harry Kaminsky, should be denied.

Settle order on notice.