SEVENTH NATIONAL BANK OF NEW YORK, Plaintiff, *v.* JAMES H. R. CROMWELL and Others, Defendants.

Supreme Court, New York County, February 2, 1928.

**Judgments — summary judgment — statements by attorney for makers of promissory note in action thereon, that he is informed and believes from correspondence that no consideration was received by makers, are insufficient to defeat motion for summary judgment.**

In this action on a promissory note by the indorsee thereof, statements by the attorney for the defendant makers, that he is informed and believes from correspondence in his possession that no consideration was received by them, without annexing such correspondence or indicating to the court the basis of his conclusions, are insufficient to defeat a motion for summary judgment.

Said statements fail to disclose facts which would show any defense even if the payee were the plaintiff.

The remedy of summary judgment could easily be nullified if an attorney were able to raise an issue by stating that he is informed and believes that certain facts constitute a defense to the action, without showing to the court the sources of his information and the grounds of his belief in a manner which will permit the court to determine for itself the truth of the facts alleged and the soundness of the conclusions drawn therefrom.

MOTION by plaintiff for summary judgment.

*Bond & Strouss* [*Eugene M. Strouss* of counsel], for the plaintiff.

*Parsons, Closson & McIlvaine* [*Ellwood Thomas* of counsel], for the defendants James H. R. Cromwell and Delphine Dodge Cromwell.

*M. Carl Levine,* for the defendant Rubinstein.

FRANKENTHALER, J. The answering affidavits fail to set forth any *facts* sufficient to entitle the defendants Cromwell to defend. The statements by their attorney that he is informed and believes from correspondence in his possession that no consideration was received by the defendants Cromwell, without annexing such correspondence or indicating to the court the basis of his conclusions, are clearly insufficient to defeat the motion for summary judgment. They fail to disclose facts which would show any defense even if Rubinstein, the payee, were the plaintiff in an action upon the note. The fact that the Seventh National Bank of New York may have been paid part of the note by Rubinstein, who indorsed it to plaintiff, as to which payment there is some dispute, cannot avail the Cromwells, since they are primarily liable, as makers, and Rubinstein only secondarily liable. No claim is made that the defendants Cromwell were accommodation makers, and nothing in the way of evidence is adduced which

would even tend to substantiate any such contention. The remedy of summary judgment could easily be nullified if a defendant's attorney were able to raise an issue by stating that he is informed and believes that certain facts constitute a defense to the action, without showing to the court the sources of his information and the grounds of his belief in a manner which will permit the court to determine for itself the truth of the facts alleged and the soundness of the conclusions drawn therefrom. That payment by one secondarily liable to the holder constitutes no defense to the party primarily liable is well settled. The headnote in the case of *Madison Square Bank* v. *Pierce* (137 N. Y. 444; approved in *Rogers* v. *Atlantic, Gulf & Pacific Co.*, 213 id. 246, 259) contains a concise statement of the court's decision. It reads in part as follows: " A payment made to the holder of a promissory note by an indorser, not as agent for the maker, but simply in discharge of his obligation as indorser, where the note was executed by the maker for value, does not inure to the benefit of the latter, and in an action upon the note he is liable for the whole amount thereof, notwithstanding the payment." At pages 447, 448, the court said: " To the extent of the money paid, the indorser becomes equitably entitled to be substituted to the rights and remedies of the holder, and becomes, *pro tanto*, the beneficial owner of the debt; so that the maker's obligation to pay the note in full, at first due to the holder solely in his own right, becomes, after the part payment by the indorser, still wholly due to the holder, but partly in his own right and partly as trustee for the indorser." Other cases to the same effect are *Twelfth Ward Bank* v. *Brooks* (63 App. Div. 220) and *Matter of Garfunkel* (8 F. [2d] 790). The cases cited by defendants are clearly distinguishable in that they involve suits against parties secondarily liable who claimed the benefit of payments made by or obtained from parties primarily liable. The situation here presented is exactly the reverse. As the defendants Cromwell have failed to show any facts which would constitute a defense either against Rubinstein or against the plaintiff, the motion for summary judgment is granted for the amount prayed for in the complaint, and the clerk is directed to enter judgment in the sum of $20,000, with interest thereon from September 21, 1927. The note sued upon and marked " Plaintiff's Exhibit A " is directed to be deposited with the clerk, as provided by rule 3, Special Term Rules. Order signed.