First National Bank of Palmyra, Plaintiff, v. Hyman Jacobs,
Defendant.

City Court of New York, New York County, September 24, 1928.

**Bills and notes — drafts — payment was refused after acceptance by
defendant — defense that plaintiff which was indorser is not lawful
owner and holder — further defense that draft has been paid — plead-
ings only can be considered on motion under Rules of Civil Practice,
rule 109, to strike out defenses for insufficiency — first defense is good
and second defense is insufficient.**

The plaintiff, which is a transferee of a draft or trade acceptance drawn upon
the defendant and accepted by him payable at a future date, brought this
action after the defendant had refused to pay the draft. The plaintiff acquired
the draft before maturity. The defendant interposed a defense that the
plaintiff is not the lawful owner and holder of the draft and that it has no
interest therein, and it is alleged on information and belief that before this
action was commenced the plaintiff assigned and transferred the draft to the
drawer thereof who was at the commencement of this action the lawful owner.
On a motion under rule 109 of the Rules of Civil Practice to strike out defenses,
the court will consider the pleadings only. The answer on the face thereof in
reference to the defense stated is sufficient. The fact that the draft bears the
indorsement of the drawer only is not conclusive evidence that the plaintiff
is the owner and holder and has the right to sue upon it.

The second defense is not sufficient. In that defense it is alleged that the draft
has been paid, but there is no allegation that it was paid by or on behalf of the
defendant. If it was paid by the drawer as indorser the plaintiff's right to sue
upon it was not destroyed.

Motion under subdivision 6 of rule 109 of the Rules of Civil
Practice to strike out two separate defenses upon the ground of
their insufficiency in law.

White & Case [Chester Bordeau of counsel], for the plaintiff.

Krieger, Stutsky & Friedman [Samuel Friedman of counsel], for
the defendant.

Noonan, J. The action is on a trade acceptance or draft dated
February 26, 1927, and drawn by the Ontario Paper Mills, Inc., in
the sum of $2,388. The draft was directed to the defendant and
required him to pay the sum mentioned to the order of the drawer
on May 10, 1927. The defendant accepted the draft on February
26, 1927, payable at the Seventh National Bank of New York.
The Ontario Paper Mills, Inc., indorsed and delivered the draft
before maturity to the plaintiff. Payment having been refused on
presentment, the plaintiff as indorsee and holder sues to recover
the amount of the draft. In the first separate defense the defendant
denies that the plaintiff is the lawful owner and holder of the
draft or has any interest in it. It is also alleged on information

and belief that before this action was commenced the plaintiff assigned, transferred and delivered the draft for a valuable consideration to the Ontario Paper Mills, Inc., the drawer of the draft, who is and was at the time of the institution of the action the lawful owner and holder of the draft. In the second separate defense it is alleged on information and belief that at and prior to the commencement of the action the draft sued upon here was fully paid to the plaintiff, and that there is now nothing due and owing and unpaid to the plaintiff on the draft. It is well settled that on a motion made under rule 109 of the Rules of Civil Practice the pleadings alone can be considered, and that affidavits cannot be used in deciding it. (*Welch* v. *City of Niagara Falls*, 210 App. Div. 170; *Levan* v. *Am. Safety Table Co., Inc.*, 222 id. 110.) In other words, the motion is addressed to the face value of the pleadings. (*Palermo* v. *Northwestern Nat. Ins. Co.*, 201 N. Y. Supp. 106.) As to the first separate defense it cannot be said to be insufficient, judging it by the allegations set forth therein. In that defense it is pleaded that the indorsee of the draft transferred and delivered it to the drawer before the commencement of the action, and that the Ontario Paper Mills, Inc., the drawer and indorser, was at the time the action was started the lawful owner and holder of said draft. It may be that the facts may show that the transfer of the draft did not destroy the plaintiff's right to sue upon it. It may be that there was no transfer. But all this proof depends on evidence, and evidence cannot be considered on this motion. The fact that the draft bore the indorsement of the Ontario Paper Mills, Inc., and no other indorsement, is not conclusive evidence that the plaintiff is the owner and holder and has the right to sue upon it. In my opinion, therefore, this first separate defense is good on its face, and the motion to strike it from the answer is denied. In the second separate defense it is alleged that prior to the commencement of the action the draft sued on was fully paid to the plaintiff. Nothing is here set forth to show by whom the draft was paid. It is not alleged that it was paid by the defendant or on his behalf. If it was paid by the Ontario Paper Mills, Inc., as indorser the plaintiff's right to sue upon it was not destroyed. (*Twelfth Ward Bank* v. *Brooks*, 63 App. Div. 220; *People's Nat. Bank* v. *Rice*, 149 id. 18; *Assets Realization Co.* v. *Mercantile Nat. Bank*, 167 id. 757; *Madison Square Bank* v. *Pierce*, 137 N. Y. 444; *Seventh Nat. Bank of N. Y.* v. *Cromwell*, 131 Misc. 276; *Continental Securities Co.* v. *Interborough R. T. Co.*, 118 id. 11; affd., 200 App. Div. 794; affd., 235 N. Y. 133; *Sobel* v. *Engels*, 188 N. Y. Supp. 436.) This second separate defense is stricken from the answer, with leave to the defendant to amend his answer in this respect, if

he is so advised, in six days after service of a copy of the order to be entered herein and on payment of ten dollars costs.    Settle order on notice of one day.