BANK OF UNITED STATES, Plaintiff, v. SAMUEL ABRAHAMS and Another, Individually and as Copartners Doing Business under the Name of STRAUSS & ABRAHAMS, and DAVID DAVIDSON, Defendants.

City Court of New York, New York County, June 8, 1932.

*Carl J. Austrian,* for the plaintiff.

*Strauss & Abrahams,* for the defendants.

SCHIMMEL, J.   In this action upon a promissory note against two defendants as makers and a third as indorser, the makers pleaded as a separate defense that they paid the indorser; that the latter had moneys on deposit with the plaintiff sufficient to offset the indebtedness on the note; that such an offset has been made; and that the note has been fully paid and discharged thereby.

Plaintiff, the holder in due course, moves to strike out this defense as insufficient.   In *Twelfth Ward Bank of City of New York* v. *Brooks* (63 App. Div. 220) the law on the effect of payment by an indorser to the holder upon the liability of the maker to such holder is thus summarized (at p. 222): " It is provided by the Negotiable Instruments Law (Laws of 1897, chap. 612) that, where the instrument is paid by a party secondarily liable thereon, it is not discharged (§ 202), and in other sections of the act it is provided how and when such instruments are discharged.   The effect of this law is that payment by a subsequent indorser is no defense. So far as the appellant Brooks is concerned, he owed the whole amount of the note, exactly as before, and, although as between Quincy and the plaintiff, if the former has in fact paid the note, the latter will hold the proceeds, if collected by this action, as trustee for the benefit of Quincy, since it cannot require that the debt be paid twice, yet such fact furnishes no defense to the appellant, unless he can show that such payment was made for him, which is not pretended here.   (*Madison Square Bank* v. *Pierce,* 137 N. Y. 444.) " In *Seventh Nat. Bank of New York* v. *Cromwell* (131 Misc. 276) it was held that the payment on a note by one secondarily liable to the holder constitutes no defense to the party primarily liable.

After alleging that they paid the indorser, the makers seek to imply that the indorser in setting off his account in discharge of the note acted as agent for them or for their benefit.   The allegations of the defense fall far short of facts to justify such an inference. " Directions standing alone to a bank or to an agent do not constitute an agreement by the bank or the agent for the benefit of a third party." (*Erb* v. *Banco di Napoli,* 243 N. Y. 45, 49.)   The mere direction by the indorser to offset against his indebtedness on the note sued on the amount on deposit with the plaintiff does not constitute a payment for the benefit of, or as agent for, the makers. More is required; there must be a mutual agreement or understanding that the payment or setoff was thus made.

The first defense is stricken out, as is the defense of an account stated between the plaintiff and the indorser. The motion to make the third defense more definite and certain is denied, as plaintiff may obtain the information desired by way of a bill of particulars.

Settle order providing for leave to the defendants to plead over within six days after service thereof with notice of entry.