[No. 23833. Department Two. November 15, 1932.]

SIDNEY E. SMITH, *as Trustee of Spokane Valley Growers Union, Appellant,* v. FRANK BROOM *et al., Respondents.*[1]

*Glenn E. Cunningham,* for appellant.

*Luby & Pearson* and *E. D. Weller,* for respondents.

HOLCOMB, J.—Appellant is the trustee in bankruptcy of the Spokane Valley Growers Union, a domestic corporation, which was adjudged bankrupt on April 9, 1930. Among the assets of the estate was a uniform crop contract entered into between the Union and respondent Frank Broom, who will hereinafter be mentioned as though the sole respondent, and the corporation as the Union, together with two promissory notes given by respondent to the Union, one on September 6, 1922, for one hundred dollars, payable on March 31, 1923, and the other for $82.60, delivered on October 6, 1922, payable on March 31, 1923. They were ordinary negotiable promissory notes.

[1]Reported in 15 P. (2d) 940.

The uniform crop contract is set out in the amended complaint, and comprises eleven and one-half closely printed pages of appellant's brief, and much too long to set out herein.

Appellant began his action on June 3, 1931, and predicated it chiefly upon a paragraph of the contract which obligated the grower to give renewal crop notes to the Union each year. It was the theory of appellant that the refusal of the grower to give renewal notes constituted a breach of the contract, and that, as a result of such refusal, the notes in the possession of the Union became "outlawed," and the damage resulting therefrom to the Union was an amount equal to the sum due upon the notes at the time the action was started. Accordingly, appellant alleged in his amended complaint the following facts:

(1) The execution and delivery to the Union of the uniform crop contract between it and respondent.

(2) The execution and delivery by respondent to the Union of the last renewal notes now in the possession of appellant, which were given pursuant to the provisions of that paragraph of the uniform crop contract as above stated.

(3) Facts showing that the uniform crop contract was in force at all times from the date thereof until 1926.

(4) Written demands made upon respondent to execute and deliver renewal notes on June 26, 1924, on February 3, 1927, on April 11, 1927, oral demand subsequent thereto, and the failure and refusal of respondent to comply with those demands.

(5) Damages resulting from the breach in the sum of $350, consisting of the principals of the notes with interest, attorney's fees and court costs.

Respondent demurred to the amended complaint, upon the grounds that the complaint did not state facts

sufficient to constitute a cause of action and that the action had not been commenced within the time limited by law. The lower court sustained the demurrer upon the ground that the action had not been commenced within the time limited by law, upon which appellant elected to stand upon his amended complaint and the action was dismissed.

The trial judge filed a memorandum decision in another related case against another grower, which is included in the record before us. The trial judge said:

"The rights of the parties must be determined by the contract in question. Pursuant to its provisions, the defendant . . . bought two shares of the Union's new capital stock and paid for it by giving his two promissory notes of $100 each. That was a completed transaction. He had the option of paying for the stock in cash or part cash and the remainder in notes. He paid for them by giving these notes. These notes then became the debt. They were not given merely as evidencing an indebtedness which Brown, in his contract, undertook to pay, for nowhere in the contract is there any promise to pay for the stock but only to pay the notes. The contract provides for the payment of the notes by the deduction, by the Union, of a certain sum from the proceeds of Brown's crop, and then further provides that if there be a balance unpaid on the notes, there shall be a new note given for such balance.

"The fact that the Union failed for some seasons to deduct from the proceeds of Brown's crop the sum specified to be applied on the notes would not operate as a renewal of his note, even though such failure was with Brown's consent. For there is no suggestion that there was a renewal agreed to by Brown in consideration of the failure to deduct the specified sum from his crop. In other words, the contract merely provides for the payment of the notes (and two or three other items that are not involved here) and not for the payment of the debt represented by the notes, and since the notes are the indebtedness and they have been outlawed, the action cannot be maintained. Nor will the fact that the Union made demand upon Brown to renew

the notes change the situation, for his refusal to renew would be but a caution to the Union to bring action upon the notes before they were outlawed.''

The construction of the uniform crop contract by the trial judge is very terse and logical; and having fully examined the contract, we thoroughly agree with his deductions. We also agree with his conclusion that, when demand was made upon the grower to renew the notes, the refusal to renew became a warning to the Union to bring action upon the notes before the statutory limitation of six years, under Rem. Comp. Stat., § 157, should expire. The rule of limitations must be held to apply to each note as it matured. *George v. Butler,* 26 Wash. 456, 67 Pac. 263, 57 L. R. A. 396, 90 Am. St. 756.

One case from this court, cited and relied upon by appellant, does not seem to us to sustain his contention, but the contrary. *Standard Lumber Co. v. Deer Park Lumber Co.,* 104 Wash. 84, 175 Pac. 578. There, among other things, we said:

''For the breach of an agreement to execute a promissory note payable in the future, damages may be recovered presently, and the amount for which the note was to be given will be the *prima facie* measure of such damages.'' (Citing cases.)

The effect of that decision is that the damages for the failure to give the promissory notes contracted for, such as in this case, may be recovered *presently,* the right of action accruing immediately upon failure to give such note or notes at the times prescribed in the contract.

We consider the judgment of the trial court right, and it is affirmed.

TOLMAN, C. J., MAIN, MILLARD, and BEALS, JJ., concur.