## IRVING TRUST CO. v. ROSE.
### No. 3488.

Circuit Court of Appeals, Fourth Circuit.
Oct. 3, 1933.

Cotton, Franklin, Wright & Gordon, Henry H. Dinneen and Paxton Blair, all of New York City, for appellant.

Edward T. Miller, of Easton, Md., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

This action at law was brought in the District Court by the trustee in bankruptcy of a firm of New York stockbrokers, as plaintiff, to recover from a customer a balance due the firm when the petition in bankruptcy was filed. Pleas were filed by the customer, as defendant, denying liability on the ground that the account had been paid through the enforcement of a lien held by the firm upon certain securities deposited with it by a guarantor. A demurrer to these pleas was overruled. Thereupon the plaintiff filed replications alleging that the guarantor was also a customer of the firm and was entitled to a credit balance in excess of the debit of the guaranteed account, and that he had filed a claim against the bankrupt estate in which he credited the trustee with the balance due by the defendant. A demurrer to these replications was sustained.

More specifically, the declaration shows that the petition in bankruptcy was filed September 21, 1931, and that the adjudication in bankruptcy on December 11, 1931, and the election of the plaintiff as trustee on January 14, 1932, followed in due course; that, prior to the filing of the petition in bankruptcy, Margaret Rose, the defendant, had opened and maintained a general securities brokerage account with the firm, and through its agency had bought and sold securities whereby she became indebted to the firm in divers sums from time to time, and owed the firm on September 21, 1931, a net balance of $8,021.81, after allowance for all proper credits. Suit was brought for this sum.

In addition to two general issue pleas, the defendant filed special pleas 3 and 4. In the third plea she alleged that the account was opened for her by her husband, Paul Rose, who also had a general securities brokerage account with the firm; that her husband, as the firm well knew, had full management and control of her account; that the firm secured from him a written guaranty of her account, whereby he agreed to pay to the firm any debit balance which should become due thereon, waived demand and notice of default and the requirement of legal proceedings against her, and further agreed that the firm should have a lien for said account upon all securities and equities held by the firm for him in his personal account, and that it might assert or enforce the lien without affecting his liability as guarantor for any debit balance in her account, so that the firm should have both remedies at all times to protect and compensate it against any loss or debit balance in her account. It was further alleged in the plea that on divers occasions, after her account was opened, calls were made upon the husband for additional collateral sufficient to supply the required margin in her account, and that he furnished securities therefor, which were placed to his account by the firm, and that on September 21, 1931, the securities and equities of the husband, so held by the firm, were of a value far in excess of the amount of her indebtedness, and that the firm and/or its trustee sold and/or disposed of said securities and equities for $18,726.74 in excess of the amount due the firm on the combined accounts of the husband and wife.

This plea ended with the legal conclusion that, by this action of the trustee and the

firm, all indebtedness of the wife to the firm and the trustee was extinguished; and the District Court, agreeing with this conclusion, overruled the demurrer which the plaintiff filed to the plea. The court held that the trustee in bankruptcy, having the right under the husband's guaranty either to bring suit against the husband thereon, or to enforce its lien upon the collateral which he had deposited, had elected to enforce the lien, and, having been paid thereby, was precluded from also adopting the other remedy. The trustee in bankruptcy took this opinion to mean that, since it had elected in its role of creditor to pursue its right of action against the guarantor, it could not also proceed against the principal debtor; and it thereafter filed a replication in order to show that, whatever election took place was made not by it, but by the guarantor, the defendant's husband. This replication alleged, in substance, that the husband was merely a general creditor of the bankrupt firm, and, as such, filed his claim with the trustee in bankruptcy asserting that the firm was indebted to him in the sum of $26,784.55 in the purchase and sale of securities for his account, which was offset by his guaranty of the debit in his wife's account in the sum of $8021.81, that thereupon the referee allowed the husband's claim for the balance, amounting to $18,726.24, and the husband received dividends thereon to the extent of 25 per cent., and that in no event would the husband receive in the subsequent liquidation of the bankrupt estate aggregate dividends in excess of 50 per cent. of his claim. A demurrer to this replication was sustained, and, judgment for the defendant being entered, this appeal ensued.

The burden of the appellant's argument in this court is that the trustee made no election of remedies inconsistent with its present suit against the defendant. It is said that the trustee did not elect to make the claim against the guarantor rather than against the principal debtor, but the election was made by the husband when he subtracted the amount of his wife's indebtedness from the amount due him by the firm and filed a claim against the bankrupt estate for the balance; and moreover that, even if the deduction of the wife's indebtedness from the husband's claim should not be deemed to be his act, but the act of the trustee, amounting to the assertion of a claim against the husband, such a procedure is not inconsistent with the present suit of the trustee against the wife. Reliance is placed upon the rule of law that, although the discharge of a principal debtor relieves his surety, the

converse is not true; and an analogy is drawn with the rule established (with certain exceptions) in the law of negotiable instruments that, where an instrument is paid by a party secondarily liable thereon, it is not discharged, but the party so paying it is remitted to his former rights as regards all prior parties. See 5 U. L. A. § 21; In re Garfunkel (D. C.) 8 F.(2d) 790; Swarts v. Fourth National Bank (C. C. A.) 117 F. 1. So it is said that the trustee is entitled to recover at least a part of the indebtedness from the wife because the reduction of the husband's claim by the amount of the wife's debt of $8,021.81 did not yield that sum to the trustee, but only a portion thereof equal in percentage to the dividends paid by the bankrupt estate to the general creditors.

This argument overlooks the important fact, conceded by the demurrer to the plea, that the indebtedness of the wife has been extinguished by the disposition made of the collateral deposited to secure it. The allegation is:

"That at the time the said firm suspended business on, to wit, September 21, 1931, the securities and equities of the said Paul A. Rose, held by said firm, were of a value far in excess of the amount of her indebtedness and that said firm and/or its trustee, the plaintiff sold and/or otherwise disposed of said securities and equities for a value, to wit, $18,726.74, in excess of the amounts due said firm on the combined accounts of the defendant and her said husband, thus extinguishing all indebtedness of the defendant to said firm and to the defendant, its trustee."

We do not approve of the use in formal pleadings of the dubious term "and/or," for in this connection it imports uncertainty where clarity and definiteness are required. It is, however, sufficiently clear that the collateral was disposed of by the firm or by the trustee in the exercise of the lien thereon granted to the firm by the guarantor, and it is immaterial whether this action was taken by the firm before the trustee's possession and title attached or thereafter by the trustee itself. In either case, the indebtedness was wiped out.

The replication does not alter this conclusion, for it does not traverse the allegation of the plea now under consideration. The pleader set up new facts not material in this connection, but intended to show that the election of remedies, if any took place, was made by the guarantor and not by the creditor. Even if we accept the legal conclusion stated in the replication that the husband was

merely a general creditor of the bankrupt estate as meaning that none of the husband's securities deposited as collateral for his wife's account came into the hands of the trustee, we are still met with the alternative that they were sold or disposed of by the firm and applied by it to the wife's indebtedness under the authority conferred by the written guaranty.

Since the third plea constituted a sufficient basis for the judgment in the defendant's favor, we need not consider the fourth plea, and the replication thereto, and the judgment of the District Court is affirmed.