## WHEELER v. WALLACE.
### No. 5509.

Court of Civil Appeals of Texas. Amarillo.
Jan. 18, 1943.

Marion Reynolds, of Shamrock, and R. H. Cocke, of Wellington, for appellant.

J. B. Clark, of Shamrock, for appellee.

FOLLEY, Justice.

The appellee, Ed R. Wallace, filed this suit against the appellant, Stella Wheeler, to recover upon a promissory note for $1,750 and for foreclosure of an attachment lien upon certain real estate in Wheeler County. It appears that the note was executed by the appellant on December 15, 1938, and was payable to Albert A. Hall one year after date. The note was transferred from Hall to the Amarillo Investment Company and by the latter to the appellee. The appellee claimed that he and the Amarillo Investment Company each acquired the note before its maturity without knowledge of any defects therein. The appellant denied these claims of the appellee and asserted that the note was not transferred until after its maturity and that the same was procured from her by Hall through fraud, alleging that it was given for stock in a certain corporation, which stock had never been delivered to her and that by reason thereof the consideration had failed.

The cause was submitted to a jury, which found that the note was without consideration and that the appellee and John E. Hill, president of the Amarillo Investment Company, each knew before purchasing the note that the same was without consideration. No issue was submitted as to whether the note was transferred before its maturity, but the testimony was conclusive that each of such transfers occurred prior to the maturity of the note. The appellee filed a motion for judgment · non obstante veredicto, which motion was granted and judgment rendered in favor of the appellee for his debt and for foreclosure of his attachment lien.

The appellant asserts, first, that the testimony did not warrant the judgment non obstante veredicto, which, of course, disregarded the jury's verdict. With this contention we can not agree. The testimony conclusively shows that the Amarillo Investment Company was a purchaser for value before maturity and without notice of any infirmities in the instrument. The

appellee derived his title through this holder in due course and he was no party to any fraud or irregularity affecting the instrument. Section 58 of Article 5935, Vernon's Ann.Civ.St., provides that "a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter." In 6 Tex.Jur. 705, sec. 91, with reference to this provision of the statute, it is said: "In the application of this rule it is immaterial that the transferee did or did not pay value, or that he purchased the paper after the date of its maturity, or that he had notice of existing equities at the time of the transfer."

■ The appellant further contends that the court was not warranted in rendering judgment non obstante veredicto, because there was no showing of service of "reasonable notice" under Rule 301, Vernon's Texas Rules of Civil Procedure. We think the appellant is correct in this contention. The record, other than the judgment, shows no service of notice, nor does the judgment recite any service thereof or the appearance of the appellant for a hearing on such motion, or any facts which might sustain the theory of a waiver of such service. Under such circumstances, the usual presumptions of regularity which ordinarily accompany a judgment do not prevail, and we must therefore sustain this assignment. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970; Seastrunk v. Walker, Tex. Civ.App., 156 S.W.2d 996; Citizens State Bank of Houston v. Giles, Tex.Civ.App., 145 S.W.2d 899; Stallings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S. W.2d 449.

■ From what we have said, it is apparent that the correct judgment was entered by the trial court provided its jurisdiction was properly invoked for such purpose. On account of the absence of a proper showing in this respect, the judgment rendered must be set aside. However, our action in this respect does not require a new trial of the proceedings prior to the receipt of the jury's verdict, but only of the proceedings subsequent thereto. In this conclusion we are sustained by the following authorities, which we think will serve as a guide for further procedure in this case: Rodriguez v. Higginbotham-Bailey-Logan Co., 138 Tex. 476, 160 S.W.2d 234; McAfee v. Travis Gas Corporation, 137

Tex. 314, 153 S.W.2d 442; Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; Hines v. Parks, supra.

The judgment will be reversed, and the cause remanded to the trial court with instructions to proceed as though judgment non obstante veredicto had not been rendered.