**BELLMEAD STATE BANK, WACO, Texas,**
**Appellant,**

v.

**Robert D. ANDERSON, Appellee.**

No. 3417.

Court of Civil Appeals of Texas.

Waco.

Sept. 20, 1956.

Rehearing Denied Oct. 11, 1956.

John B. McNamara, Jr., Waco, for appellant.

Maddin & Copeland, Waco, for appellee.

TIREY, Justice.

Appellant brought this suit for the purpose of obtaining a deficiency judgment against appellee for the balance due on a promissory note executed by appellee and his wife to Rich Plan of Central Texas, which note was secured by a chattel mortgage on a refrigerator, and which note was transferred and assigned before maturity to appellant bank, together with a lien securing the same. Appellant went to trial on its original petition, which set out in detail the nature of the transaction, the amount of its debt and·lien, and alleged that it caused its chattel mortgage lien to be foreclosed, and that after the foreclosure sale, there was a balance due and owing on the note of $223.25. It asked for judgment for such sum, together with attorney's fees and for costs.

Appellee went to trial on his original answer, which contained only a general denial. On April 16, 1956, the trial court submitted one issue to the jury, which was: "Do you find from a preponderance of the evidence, if any, that at the time defendant Robert D. Anderson surrendered the freezer in question, plaintiff agreed it would accept said freezer in full satisfaction of its claimed debt against defendant?" To which the jury answered "Yes."

There was no motion filed for an. instructed verdict, nor was there any exception filed to the court's charge. On April 18, 1956, the trial court permitted defendant to file a trial amendment, in which we find this averment: "At the time Defendant, Robert D. Anderson, surrendered the freezer in question, Plaintiff agreed it would accept said freezer in full satisfaction of its claimed debt against Defendant," and he prayed for relief as in his original answer.

On April 23, 1956, appellant filed its motion for judgment non obstante veredicto, and in this motion appellant asserted that the jurors' answer to Special Issue 1 should be disregarded, because the undisputed evi-

dence established that no authorized agent of appellant agreed and obligated the bank to accept the return of the freezer in full satisfaction of defendant's debt. The motion further set out that the court should have disregarded the jury's answer to Special Issue 1 because there was a total failure on the part of appellee to allege or plead that the bank, acting by and through an authorized agent, agreed to accept the return of the freezer in full satisfaction and discharge of the debt, and prayed for judgment non obstante veredicto.

On May 3, 1956, the court entered judgment for appellee and overruled appellant's motion non obstante veredicto, and decreed that the plaintiff take nothing by its suit, to which judgment plaintiff, in open court, excepted and gave notice of appeal. Appellant seasonably perfected its appeal to this court, and has assailed the judgment on what he designates as 6 points. These 6 points in effect say: (1) that there is no evidence to support the judgment; and (2) that the evidence is insufficient to support the judgment.

Appellee's counter points are: "(1) There is no merit to Appellant's Points of Error to the effect that there was no evidence to support the Jury's finding in that the record clearly shows that the Bank accepted the benefits of the agreement entered into with Appellee by repossessing the food freezer in question, selling same and retaining the cash received therefrom"; and "(2) Appellant did not file a Motion for New Trial, the only basis for this appeal being a purported motion for judgment non obstante veredicto and judgment. The motion nowhere therein shows notice to Appellee, nor that it was presented to the Trial Court, nor a hearing held thereon. It stands stark naked in the transcript."

■ Rule 324, Texas Rules of Civil Procedure, as amended on July 20, 1954, provides in part: "* * *, a motion for new trial shall be filed as a prerequisite to ap-

peal; provided that it shall not be so prerequisite where a peremptory instruction is given, a case is withdrawn from the jury and judgment is rendered by the court without a jury, a judgment is rendered, or denied, non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, * * *". See Aldridge v. General Mills, Tex.Civ.App., 188 S.W.2d 407 and Vela v. Southland Life Ins. Co., Tex.Civ.App., 212 S.W.2d 210. Also, Id., 147 Tex. 478, 217 S.W.2d 660. It is true, as contended by appellee, that there is no showing in the record of notice to appellee of appellant's motion for judgment non obstante veredicto. No waiver was filed by the attorney for appellee, and the judgment entered by the trial court is silent as to whether notice was given as provided by Rule 301 T.R.C.P. It is true that appellant's motion for judgment non obstante veredicto prayed that notice of his motion be given, but the only reference to such notice is contained in the judgment that appellant submitted to the court, which instrument recited in part: "that reasonable notice of such motion was given as required by law to the Defendant." But we think such statement is insufficient, since the judgment requested by appellant was not entered. The question that here arises is: since the court did not grant appellant's motion for judgment non obstante veredicto, was the defendant prejudiced for such lack of notice on the motion? We think not. We have found no authority on this question, but we see no injury to appellee by failure of appellant to give him notice of its motion. The cases of Greathouse v. Texas Public Utilities Corp., Tex.Civ.App., 217 S.W.2d 190, (writ n. r. e.) and Wheeler v. Wallace, Tex.Civ.App., 167 S.W.2d 1043, (no writ history) throw no light on the question here before us.

Going back to the provision of Rule 324, supra, quoted, we think this court acquired jurisdiction of this cause although appellant did not file a motion for new trial after its

motion for judgment non obstante veredicto was overruled.

 Going back to the cause on its merits, we have carefully examined the evidence tendered, together with the bills of exception filed and approved with certain qualifications, and find no evidence whatsoever to sustain the jury's verdict. Moreover, at the time the case was tried, defendant interposed the defense of a general demurrer only. It is true that two days after the cause was submitted to the jury, the court permitted him, without objection, to file a trial amendment and set up the defense that at the time the freezer was surrendered, the plaintiff agreed to accept the freezer in full satisfaction of its claimed debt against the defendant; but the evidence wholly fails to support this plea. There was no objection filed by the appellant to this delayed pleading. We think perhaps it would be pertinent, here, to state that on appeal it is the duty of the appellate court to decide the case on the same theory on which it was tried in the court below. See Stufflebeme v. Jack, Tex. Civ.App., 253 S.W.2d 459, point page 463. No writ history.

 We are of the view that the cause was fully developed in the trial court, and for that reason there is no necessity to reverse and remand this cause on the merits. However, we cannot tell from the record the exact amount that the appellant is entitled to recover, and the cause is reversed and remanded with instructions to the trial court to set this cause for hearing on appellant's motion for judgment non obstante veredicto and have the Clerk of that court to notify appellee's attorney of such hearing, and at said hearing determine such sum as may be due and owing appellant and enter judgment accordingly for appellant. See Greathouse v. Texas Public Utilities Corp., and Wheeler v. Wallace, supra.

Reversed and remanded with instructions.