H. TESDAHL, Plaintiff and Respondent, *v.* HAROLD L. HIEBERT, MYRTLE R. HIEBERT, et al., Defendants and Appellants.

No. 11166.
Submitted October 3, 1966. Decided October 21, 1966.
419 P.2d 298.

242

Harold L. Hiebert, pro se.
H. Tesdahl, pro se.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment entered in favor of the respondent on a suit to collect a check upon which payment had been stopped. The judgment was entered after hearing and findings of fact and conclusion of law were made.

The appellant Harold L. Hiebert secured the services of E. Tesdahl of Spokane, Washington, to repair a caterpillar tractor belonging to Hiebert. On September 28, 1953, Hiebert took delivery of the tractor in Spokane and at that time gave E. Tesdahl his personal check in the amount of $700 in partial payment of the repair work. The check was drawn on a Montana bank. The following day E. Tesdahl specially endorsed and negotiated the check to Triangle Truck Parts Company

of Spokane, Washington, for value. Subsequently Hiebert ordered payment stopped on the check and it was returned to the Triangle Truck Parts Company with the words "payment stopped" stamped several times on the face of the check. Triangle Truck Parts then assigned the check and their interest therein to H. Tesdahl (the father of E. Tesdahl), who purchased the check for value. H. Tesdahl commenced this action on September 28, 1961, in a Montana District Court and obtained judgment for $700 plus interest.

H. Tesdahl was represented in this action by his son, E. Tesdahl, admitted to practice law in the State of Washington. Montana counsel represented H. Tesdahl at the trial also. The appellant Hiebert appeared pro se on his own behalf; although at the beginning, Hiebert also had counsel. The transcript and briefs submitted on this appeal leave much to be desired. Neither litigant was represented on appeal, and the appeal was ordered submitted on briefs. The respondent throughout was uncertain as to the nature of his cause of action.

The specifications of error set forth by the appellant are vague, poorly framed, and laced with irrelevant innuendo. However, we are able to discern two basic issues. First, whether this action was barred by statutes of limitation, and second, whether H. Tesdahl, as an assignee of a holder in due course of a negotiable instrument, was entitled to judgment against the drawer of the check.

■ The contract for the repair of the tractor was entered into and performed by both parties in the State of Washington. The assignment of the check to H. Tesdahl also occurred in that state. We must therefore apply the laws of the State of Washington existing at the time the transactions here in question occurred. 17 C.J.S. Contracts § 12(4), p. 597.

■■ The statute of limitations on liability arising out of a written instrument in the State of Washington is six years. RCWA 4.16.040(2). Negotiable instruments fall within the purview of this statute. Smith v. Broom, 170 Wash. 161, 15

P.2d 940. Section 4.16.180, RCWA, provides that statutes of limitation in the State of Washington are tolled by the absence of the defendant from that jurisdiction. The statute of limitations would run against the appellant Hiebert only from the time he established residence in Washington. Krussow v. Stixrud, 33 Wash.2d 287, 205 P.2d 637. It is clear from the record that the appellant was a resident of Montana during most of the period between the issuance of the check and the filing of the complaint. The statute of limitations would therefore not bar this action, even though the complaint was filed eight years after the check in question was given to E. Tesdahl.

It is obvious that H. Tesdahl is not a holder in due course of the check, as defined in Section 62.01.052, RCWA. The instrument was not complete and regular on its face and H. Tesdahl took with full knowledge that payment had been stopped on the check. The trial court correctly ruled that H. Tesdahl took the check by assignment and not by negotiation. As an assignee, H. Tesdahl would acquire whatever rights Triangle Truck Parts enjoyed under the instrument. Section 62.01.058, RCWA, provides that: "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter." E. Tesdahl negotiated the check to Triangle Truck Parts the day after receiving the check from the appellant. Triangle Truck Parts paid $700 for the check and there is no evidence that Triangle had notice, either actual or constructive, of any defect in the instrument. Triangle Truck Parts was therefore a holder in due course. As such, Triangle took the instrument free from any defenses existing between the drawer Hiebert and the payee E. Tesdahl. 10 C.J.S. Bills and Notes § 482, p. 1045. The appellant would be primarily liable to Triangle Truck Parts.

RCWA 62.01.119. The appellant sought to avoid liability on the grounds that the tractor was improperly repaired and that therefore there was a failure of consideration on the underlying contract. Since Triangle Truck Parts was a holder in due course, the defense of failure of consideration would be of no avail as against Triangle. We might add parenthetically that the trial court found that there was no failure of consideration on the contract.

For the above reasons, the appellant would be liable to the respondent, who was an assignee of a holder in due course of the check.

We make one further comment. Appellant Hiebert filed a written argument and further brief. We ordered it served on respondent, and would have allowed respondent to answer. Subsequent events have resulted in a dispute even as to service of that instrument. However, we have read and considered all pertinent matters, and deem no further action necessary.

Finding no error, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and CASTLES concur.