UNITED STATES FIDELITY & GUARANTY COMPANY v. CONRAD J. WELLS

5-4794    437 S.W. 2d 797

Opinion Delivered March 3, 1969

*Gannaway & Darrow* for appellant.

*Guy H. Jones & Phil Stratton* for appellee.

JOHN A. FOGLEMAN, Justice.    This case involves the liability of appellee upon a promissory note executed by him on December 21, 1959.    The principal question involved is whether appellant who sued on the note was entitled to a directed verdict as a holder who had all the rights of a holder in due course.    Since we agree with appellant on this point, it is unnecessary that we consider any of the other points raised.

Appellee Wells purchased a bulldozer from Kern-Limerick, Inc., on or about the date the note was executed.    Appellee traded another piece of equipment as part of the down payment and gave the note in question for the remainder.    This note was for $2,892.36 with interest at the rate of 8% per annum until maturity and 10% per annum after maturity.    The balance of the purchase price was secured by a conditional sale contract which was assigned to Associates Discount Corporation.

The note to Kern-Limerick was negotiated to the First National Bank in Little Rock on December 23, 1959.    The status of the bank as a holder in due course is undisputed.    It was indicated on the face of the note that it was secured by a lien on the bulldozer.    The note was payable in two installments due on June 1, 1960, and December 1, 1960, respectively.    Kern-Limerick was engaged in the sale of construction equipment and handled many transactions in a similar manner.    This concern filed a voluntary petition in bankruptcy and was declared bankrupt on or about May 24, 1960.

When the bank attempted to collect the note, it learned that it was not secured by a first lien on the bulldozer and that its lien was subject to the lien of the conditional sale contract. The bank then made a claim against appellant under its banker's blanket bond on this and other notes of a similar nature. Appellant's liability was settled by the payment of $125,169.04 and the assignment of the notes upon which the claim was recognized. It appears that the payment made represented the total of the balances due on these notes on the date of assignment. While the assignment bears no date, it is undisputed that it was made well after the date of the maturity of the last installment of the note in question.

After appellee's refusal to pay the note, appellant filed suit. At the trial, a verdict in favor of the appellee was rendered by the jury and judgment entered pursuant to this verdict.

Appellant bases its contention upon Ark. Stat. Ann. § 68-158 (Repl. 1957). This is § 58 of the Negotiable Instruments Law and is applicable to this transaction. See § 10-102 of Act 185 of 1961 and Compiler's Notes following Ark. Stat. Ann. § 85-1-101 (Add. 1961). Also notes on Ark. Stat. Ann. §§ 68-101—68-169 (Supp. 1967).

It is not contended that appellant was a party to any fraud or illegality affecting the note. While we do not know of any case in which this court has been called upon to construe this section and neither of the parties has been able to discover any, the language of the statute is clear. We do not see how it can be construed in any manner other than literally. Under a literal construction appellant was entitled to all of the rights of a holder in due course because it derived its title through the First National Bank in Little Rock. See *Transbel Inv. Inc.* v. *Scott,* 344 Pa. 544, 26 A. 2d 205 (1942); *Blow* v. *Ammerman,* 350 F. 2d 729 (D.C. Cir. 1965); *Ederer* v. *Fisher,* 183 S. 2d 39 (Fla. 1965).

Appellee argues, however, that appellant is not entitled to the rights of a holder in due course because the note was taken by appellant as an unwilling purchaser by assignment without endorsement after maturity with full knowledge of the fraud practiced by the original payee upon appellee and the bank. We find no support for this position in the statutes and find an overwhelming weight of authority to the contrary. It is immaterial that the transferee of a note from a holder in due course took it after maturity[*Ludlow* v. *Woodward*, 102 N.Y.S. 647 (1907); *Cormany* v. *Ryan*, 154 Tenn. 432, 289 S.W. 497 (1926); *Lanahan* v. *Clark*, 279 Pa. 297, 123 A. 798 (1924); *Toll* v. *Monitor Binding & Printing Co.*, 26 F. 2d 51 (8th Cir. 1928, apply Kansas statute); *Butterworth* v. *Beach*, 30 Wyo. 46, 215 P. 1085 (1923); *Johnston* v. *Wolf*, 118 Cal. 388, 5 P. 2d 673 (1931); *Case* v. *Fevig*, 187 Minn. 127, 244 N.W. 821 (1932); *Houston* v. *Lundy*, 45 Ga. App. 122, 163 S.E. 328 (1932); *North Hollywood Mort. Co.* v. *North American Bond & Mortgage Co.*, 137 Cal. App. 180, 30 P. 2d 446 (1934); In re *Canal Bank & Trust Co.*, 186 La. 366, 172 So. 421 (1937); *City of Florence* v. *Anderson*, 95 F. 2d 777 (4th Cir. 1938); *Wheeler* v. *Wallace*, 167 S.W. 2d 1043 (Tex. 1943)]; or without payment of value [*Ferber* v. *Third Street Realty Co.*, 152 N.Y.S. 352 (1915); *Toll* v. *Monitor Binding & Printing Co.*, supra; *Ludlow* v. *Woodward*, supra; *Wheeler* v. *Wallace*, supra]; or with notice of existing equities, infirmities or defenses [*Ludlow* v. *Woodward*, supra; *Toll* v. *Monitor Binding & Printing Co.*, supra; *Wheeler* v. *Wallace*, supra]. It is also immaterial that the holder in due course did not endorse the note, since transfer by assignment or by mere delivery is sufficient. *Smith* v. *Nelson Land & Cattle Co.*, 212 F. 56 (8th Cir. 1914, applying Kansas statute); *Cormany* v. *Ryan*, supra; *Tesdahl* v. *Hiebert*, 148 Mont. 241, 419 P. 2d 298 (1966, applying Washington law); *Johnston* v. *Wolf*, supra.

There is an analogy between this case and the cases involving suits by the United States against the makers

of notes acquired after default by the government from holders in due course through payment on account of Federal Housing Administration insurance of the notes. It has uniformly been held in these cases that the United States has all rights of a holder in due course under these circumstances and that the notes are not subject to any defense which the maker might assert against the original payee. See, e.g., *U. S.* v. *O'Hara,* 46 F. Supp. 780 (D.C. Mich. 1942, applying Michigan law); *U. S.* v. *Perpignano,* 86 F. Supp. 105 D.C. N.J. 1956).

Since it is clear that appellant was entitled to a directed verdict, the judgment of the lower court is reversed and judgment entered here[1] in favor of appellant in the sum of $2,892.36 the face amount of the note with interest as follows:

on the face amount of the note or $2,892.36 @ 8% per annum from December 21, 1959, until June 1, 1960;

on one-half or $1,446.18 @ 8% per annum from June 1, 1960, to December 1, 1960;

on one-half or $1,446.18 @ 10% from June 1, 1960, to December 1, 1960;

on the face amount @ 10% per annum from December 1, 1960.  Judgment is also rendered against the appellee for the costs in both courts.

---

[1]See **Waxahachie Medicine Company v. Daly,** 122 Ark. 451, 183 S.W. 741.